ALTENBERND, Judge.
Boats Express, Inc., d/b/a Boats Express Corp., and Gregory D. Hutchens appeal an amended final order on proceedings supplementary. The final order enters a judgment in favor of Mark Thackeray and against Mr. Hutchens in the amount of $45,975.42. This judgment was entered on the theory that Mr. Hutchens, the president of Boats Express, fraudulently transferred assets of Boats Express to another corporation to prevent Mr. Thackeray from garnishing these assets to satisfy a judgment against Boats Express. To the extent that a judgment was entered against Mr. Hutchens on this theory when no complaint alleging such a theory had ever been filed, or served on him and his appearance at an examination on proceedings supplementary was merely as a witness, we conclude that the judgment against him must be reversed.
Our holding in this case is relatively simple and based on well-established principles of due process. The proceedings in the trial court, on the other hand, were not simple and involved some very unusual procedures. It is difficult to explain the trial court’s error without first describing the unusual procedural steps that led' to the error.
I. THE PROCEEDINGS TO ENFORCE A FOREIGN JUDGMENT
In August 1997, Boats Express entered into a written contract to move Mr. Thackeray’s boat from a marina in Georgia to a marina in Cincinnati, Ohio. Boats Express agreed to provide this service in consideration for a payment of $896. Apparently, Boats Express failed to fulfill this contract, and Mr. Thackeray arranged for someone else to transport the vessel. Thereafter, Mr. Thackeray sued Boats Express in Ohio state court.
Boats Express made an unsuccessful attempt to remove the action to federal court. When the federal court remanded the action to state court, Boats Express apparently did not attend the trial and a judgment was entered against it on January 27, 2000, for $45,975.42, which included awards of compensatory damages, punitive damages, and attorneys’ fees. Despite *208 various challenges in Ohio by Boats Express, our record contains nothing suggesting that the judgment was ever vacated, modified, or set aside.
Pursuant to the Florida Enforcement of Foreign Judgments Act, §§ 55.501-509, Fla. Stat. (2000), Mr. Thackeray filed the Ohio final judgment with the clerk of the circuit court in Pinellas County in March 2000, where Boats Express was located. The clerk then provided notice of the filing to Boats Express pursuant to section 55.505(2). In this process, the clerk assigned the judgment a new case number, 00-2120CI-HNO, with the style, “Mark Thackeray v. Boats Express Corp.”
The Florida Enforcement of Foreign Judgments Act is based on the uniform act[1] and contemplates that a foreign judgment will become equivalent to a Florida judgment for enforcement purposes after notice to the judgment debtor and the expiration of a thirty-day waiting period. See §§ 55.503, .505. If a judgment debtor wishes to challenge such a judgment, it may file “an action contesting the jurisdiction of the court which entered the foreign judgment or the validity of the foreign judgment” and record “a lis pendens directed toward the foreign judgment.” § 55.509(1).
There is little guidance in the law concerning the nature of the action to be filed by a judgment debtor who wishes to challenge such a foreign judgment. One leading commentator has suggested a form in which the judgment debtor is identified as the plaintiff and seeks a judgment declaring the foreign judgment unenforceable and staying its enforcement. Henry P. Trawiek, Jr., Florida Practice and Procedure Forms § 4-76.2, at 243^4 (2007 ed.). The form suggested by Florida Practice and Procedure Forms assumes that the action to challenge a foreign judgment will be given its own separate case number.[2]
In this case, Boats Express filed a timely “action to contest the jurisdiction of the Ohio Court,” but it filed this action in the proceeding that the clerk had created to provide notice of the filing of the foreign judgment. It did not describe it as a counterclaim. As a result, the pleading is odd because the “defendant” is filing an action against the “plaintiff.” The “plaintiff’ answered the action, and the “defendant” filed a reply to the answer. We suspect that this procedure was as confusing for the trial court as it was for this court.
In July 2000, this case was considered by Judge Crockett Farnell. The order entered as a result of that hearing is entitled “Order Denying Dismissal for Lack of Subject Matter Jurisdiction.” The order recites that the case came on for hearing on the “Defendant’s action to contest the jurisdiction of the Ohio Court.” The order held that the Ohio court had jurisdiction and ruled: “Dismissal of this cause for lack of jurisdiction is denied.” Following years of continuing disputes, Judge Dem-ers entered a similar order in December 2005 declining to dismiss the cause for lack of subject matter jurisdiction. Despite their titles, these orders are not declining to dismiss “the cause” filed by Boats Express, but rather they are declining to “dismiss” the foreign judgment.
The parties all seem to believe that the one or both of the orders denying “motions to dismiss” were final orders in the action *209 to contest the enforceability of the foreign judgment. This would appear to have been the intent of the circuit court, even though the orders on the surface appear to be nonfinal orders. There is no issue on appeal challenging this procedure, and we have no basis to review these orders. Nevertheless, these orders have generated some of the confusion that followed. A procedure that resulted in a recorded final judgment as suggested by Trawiek would have been helpful.
When a judgment debtor files a timely action challenging the foreign judgment and records a lis pendens, the enforceability of the foreign judgment does not commence at the expiration of the thirty-day period. ' See § 55.509(1). Although Florida’s version of the statute is not identical to the uniform statute and the differences have caused some confusion, the stay of enforcement created by the filing of such an action and the lis pendens is not intended to last indefinitely, but normally lasts at least until the circuit court conducts a hearing to determine if grounds exist to stay enforcement and to decide what security may be appropriate to maintain the stay. See § 55.509(2); Expedia, Inc. v. McKenney’s, Inc., 611 So.2d 98 (Fla. 1st DCA 1992); SCG Travel, Inc. v. Westminster Fin. Corp., 583 So.2d 723 (Fla. 4th DCA 1991).
The hearings conducted in this case were not held pursuant to section 55.509(2) to modify the stay created by the lis pen-dens. Because the trial court entered only the orders described above, no final judgment was ever recorded that expressly dissolved the lis pendens. Likewise, without a Florida judgment expressly domesticating the Ohio judgment, it does not appear that any execution ever issued in Florida to facilitate collection of the Ohio judgment. See Fla. R. Civ. P. 1.550.
II. THE PROCEEDINGS SUPPLEMENTARY
In August 2004, Mr. Thackeray filed a motion for proceedings supplementary in case number 00-2120CI-HNO, alleging only the basic requirements of section 56.29(1), Florida Statutes (2004). The motion and supporting affidavit claim that the sheriff held an unsatisfied execution that was valid and outstanding. Apparently, Mr. Thackeray was explaining that a sheriff in Ohio held such an execution on an Ohio judgment. Without objection, an order for proceedings supplementary was issued.
Section 56.29 authorizes any person to request proceedings supplementary when he or she “holds an unsatisfied judgment or judgment lien obtained under chapter 55.” § 56.29(1). We are inclined to believe that this statute means what it says and that an unsatisfied judgment in Ohio is not a basis for proceedings supplementary unless and until the foreign judgment has been domesticated under the applicable Florida law in chapter 55 and a Florida sheriff holds an unsatisfied execution. The parties, however, have treated the above-described orders denying dismissal as sufficient for these purposes, and this unusual procedure is not an issue on appeal.[3]
In September 2005, Mr. Thackeray filed an amended motion for proceedings supplementary in case number 00-2120CI-HNO requesting an order authorizing him to “join and/or implead” Mr. Hutchens. This amended motion was based on the theory that Mr. Hutchens was the presi *210 dent and sole shareholder of Boats Express and that he may hold property of the corporation.[4] Before the circuit court ruled on this motion, Mr. Thackeray filed another amended motion seeking “leave to amend plaintiffs motion for proceedings supplementary to add Gregory D. Hutch-ens as a named defendant.” This motion again alleged that Mr. Hutchens was president and sole shareholder of Boats Express. This motion, however, did not seek to amend the motion to recover property of Boats Express. Instead, it alleged that Mr. Hutchens, as the person in control of Boats Express, had made a fraudulent transfer of $43,609.35 from the accounts of Boats Express on July 27, 2000.[5] The motion does not allege that Mr. Hutchens had possession of these funds. Instead, Mr. Thackeray’s second motion sought to amend the pleadings to seek a personal judgment against Mr. Hutchens in the amount of the full judgment against Boats Express.
On January 17, 2006, the circuit court granted Mr. Thackeray’s motion to amend proceedings supplementary. The order states that Mr. Hutchens “shall be im-pleaded as a party for the Proceedings Supplementary to Execution.” The order does not distinguish between the first and second motion to amend the proceedings. It does not authorize the filing of an amended pleading and does not indicate that the court anticipates that a personal judgment could be entered against Mr. Hutchens after he is impleaded. See Machado v. Foreign Trade, Inc., 544 So.2d 1061, 1062 (Fla. 3d DCA 1989) (holding that order impleading party to proceedings supplementary is nonfinal and functions to determine whether a prima facie case has been made).
Following this order, no amended pleading was ever filed adding Mr. Hutchens as a named defendant. No complaint alleging a fraudulent transfer under section 726.108, Florida Statutes (2000), was ever filed. Nothing was ever served on Mr. Hutchens. He did not file any notice of appearance, and no lawyer formally appeared on his behalf.
In April, the circuit court entered a case management order after a hearing with “counsel for both parties.” That order, which does not list Mr. Hutchens as a party, requires him to appear for an “examination” pursuant to the motion for proceedings supplementary. It requires him to produce many documents related to Boats Express. Nothing in this order suggests that he would be attending a trial at which a judgment could be entered against him.
Mr. Hutchens apparently did not produce all of the documents that he was ordered to produce. As a result, Mr. Thackeray filed a motion to show cause why he should not be held in contempt. In the motion, Mr. Hutchens is described as a “witness” at the examination. The circuit court issued an order continuing and reconvening the “matter” and requiring Mr. Hutchens as a “witness” to produce certain documents to Mr. Thackeray’s counsel.
Following the reconvened examination, the circuit court entered a final judgment against Mr. Hutchens on November 21, 2006. Even in this judgment, he is not shown as a defendant in the proceeding. *211 The order determines that Mr. Hutchens conveyed $43,609.35 from the Boats Express bank account to a BEX Voice & Data Services account on July 27, 2000. As a result, the circuit court entered a judgment against Mr. Hutchens for $45,975.42 plus prejudgment interest from the entry of the judgment in Ohio on January 27, 2000.
We hold that the entry of this judgment against Mr. Hutchens after an examination of him as a witness in a proceeding in which no complaint had been filed against him must be reversed. “[T]he fundamental principle of due process of law demands notice and an opportunity to be heard before final judgment.” Cavalier v. Ignas, 290 So.2d 20, 21 (Fla.1974). The first actual step taken in a civil action is the filing of a complaint. Fla. R. Civ. P. 1.050. If a complaint had been filed and served against Mr. Hutchens alleging his personal liability for a fraudulent transfer on July 27, 2000, he would have had the opportunity to retain an attorney who could have filed an appropriate answer. The entry of a judgment under these circumstances denies due process. Accordingly, we reverse the judgment against Mr. Hutchens and remand for further proceedings.
Reversed and remanded.
KELLY and CANADY, JJ., Concur.

. Unif. Enforcement of Foreign Judgments Act §§ 1-19, 13 U.L.A. 160-275 (1964).

. It is likely that Florida Practice and Procedure Forms did not anticipate that a clerk in Florida would give a Florida case file number to an Ohio judgment when it was submitted pursuant to this statute.

. The attorneys handling this appeal for both sides were not the attorneys of record in the circuit court during this period.

. Section 56.29 authorizes a judge to order property of the debtor that is “in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.” § 56.29(5).

. It may be helpful to know that this transfer allegedly took place at the time when Mr. Thackeray was attempting to garnish the bank accounts of Boats Express, which he admits was a "premature” effort.