PALMER, J.
 

 In this proceeding supplementary, Dr. Anthony Pollizzi, Dr. James Forensky, and Dr. Vander Wynn appeal the order entered by the trial court holding them jointly and severally liable to appellee, Dr. Craig Paulshock, in the amount of $102,000.00. Determining that the trial court did not err in finding the parties liable, but did err in finding them jointly and severally liable, we affirm in part and reverse in part.
 

 Paulshock initially filed a complaint against Davenport Anesthesiology Associates (DAA), and the trial court ultimately entered a final judgment against DAA and in favor of Paulshock in the amount of $125,000.00. Paulshock thereafter filed a verified motion for “Proceeding Supplementary and Impleader of Third Party Defendants.” The motion requested that the trial court commence a proceeding supplementary pursuant to section 56.29 of the Florida Statutes (2009), and implead Pollizzi, Forensky, and Wynn as third-party defendants to the underlying lawsuit against DAA. The motion alleged that the third-party defendants “fraudulently and otherwise improperly transferred, among other things, approximately $150,000.00 in funds from DAA’s operating account” to themselves and to entities they owned and controlled. The motion cited to section 726.105(2) of the Florida Statutes (2009)
 
 [1]
 
 to support Paulshock’s claim for liability against the third-party defendants.
 

 The trial court entered an order granting Paulshock’s motion, which had been served on counsel for the third-party defendants. The matter then proceeded to a non-jury trial. At trial, one of Paulshock’s witnesses was a forensic accountant who opined that the third-party defendants’ payout of $102,000.00 in DAA funds to themselves in 2004 constituted a fraudulent transfer of assets.
 

 Upon review of the evidence submitted by the parties, the trial court entered an order finding that the third-party defendants “each improperly received $34,000.00 in violation of Chapter 726, Florida Statutes, thus totaling $102,000.00.” The court further held that the third-party defendants were “jointly and severally liable for the $102,000.00 amount fraudulently transferred to them in violation of Chapter 736, Florida Statutes.” This appeal timely followed.
 

 The third-party defendants first argue that the trial court’s order must be reversed because, by entering the order, the trial court “violated the fundamental principles of due process which require
 
 *789
 
 notice and a meaningful opportunity to be heard.” We disagree. The record establishes that the third-party defendants received adequate notice of the proceedings and had the opportunity to defend against Paulshock’s claims at trial. As such, the third-party defendants have failed to sustain their burden of proving that the trial court violated their due process rights by entering judgment against them.
 
 See Zureikat v. Shaibani,
 
 944 So.2d 1019 (Fla. 5th DCA 2006)(holding that judgment debtor’s wife was not deprived of due process by the imposition of an equitable lien against homestead property without her having filed a written response to judgment creditor’s motion for supplementary proceedings to impose lien; wife was im-pleaded in the proceedings, had fair notice of creditor’s charges and allegations, and chose not to file a written response);
 
 Wieczoreck v. H & H Builders, Inc.,
 
 450 So.2d 867 (Fla. 5th DCA 1984)(holding that court’s order impleading third party in supplementary proceedings and setting aside a conveyance to him by judgment debtor did not violate procedural due process of law where third party received a hearing before an impartial decision maker after fair notice of the charges and allegations and with an opportunity to present his own case).
 

 The third-party defendants next argue that the trial court’s money judgment must be reversed because it improperly exceeds the authority granted the court under section 56.29 of the Florida Statutes. We again disagree.
 

 Section 56.29 of the Florida Statutes provides, in relevant part:
 

 56.29. Proceedings supplementary
 

 [[Image here]]
 

 (5) The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.
 

 [[Image here]]
 

 (9) The court may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution.
 

 § 56.29(5X9), Fla. Stat. (2009). The Florida courts have consistently held that section 56.29 must be given a liberal construction in order to afford a judgment creditor the most complete relief possible.
 
 See Mejia v. Ruiz,
 
 985 So.2d 1109 (Fla. 3d DCA 2008);
 
 Wieczoreck v. H & H Builders, Inc.,
 
 450 So.2d 867 (Fla. 5th DCA 1984);
 
 Neff v. Adler,
 
 416 So.2d 1240 (Fla. 4th DCA 1982). The trial court properly concluded that, under the facts of this case, such liberal construction enabled it to enter a money judgment against DAA’s shareholders/corporate officers who were found to have improperly transferred monies from the corporation’s accounts to themselves.
 
 See Allied Industries Intern., Inc. v. AGFA-Gevaert, Inc.,
 
 688 F.Supp. 1516 (S.D.Fla.1988)(holding that judgment creditor, in supplementary proceedings, was entitled to recover money judgment against impleaded judgment debtor’s sole shareholder for shareholder’s fraudulent transfer of corporate funds).
 

 The third-party defendants next argue that the trial court’s judgment must be reversed because Paulshock failed to plead or prove fraud. We again disagree.
 

 Paulshock’s verified motion for impleader expressly alleged that the third-party defendants had engaged in the fraudulent transfer of DAA funds. The motion also specifically cited to section 726.105 of the Florida Statutes. At trial, Paulshock presented the testimony of several witnesses which demonstrated that Paulshock stopped working for DAA in September 2003 because he had not been paid for his services, that he filed this lawsuit against
 
 *790
 
 DAA in October 2003, that the third-party-defendants decided to close DAA in 2003, that DAA stopped doing business in February 2004 due to financial difficulties, and that in March 2004 (while there were substantial debts outstanding including Paul-shock’s claim for compensation, and DAA was essentially insolvent) the third-party defendants (who were the sole shareholders and directors of DAA, a subchapter S corporation) withdrew $102,000.00 from the DAA operating account and distributed the money equally amongst themselves. This evidence was sufficient to prove that the third-party defendants’ transfers of DAA funds constituted fraudulent transfers since the transfers occurred after Paulshock filed his lawsuit and while the third-party defendants were aware that DAA was insolvent and was scheduled to terminate operations.
 
 See Mejia v. Ruiz,
 
 985 So.2d 1109 (Fla. 3d DCA 2008)(holding that individual who obtained judgment against corporation that owned apartment complex established that sale of complex, distribution of proceeds to corporation’s two shareholders, and dissolution of corporation were done with fraudulent intent, and thus transaction would be set aside to extent necessary to satisfy judgment).
 

 The third-party defendants next argue that the trial court’s order is procedurally invalid because “there was no pending motion, complaint or other request for relief at the time it was entered.” We disagree. The filing of a motion for impleader is a sufficient pleading in order to assert a valid claim against third-party defendants in a supplementary proceeding.
 
 Zureikat v. Shaibani,
 
 944 So.2d 1019 (Fla. 5th DCA 2006).
 
 See also Regent Bank v. Woodcox,
 
 636 So.2d 885 (Fla. 4th DCA 1994)(explaining that judgment creditor is not required to commence entirely new civil action simply to subject goods in hands of third party to unsatisfied writ of execution).
 

 The third-party defendants lastly claim that the trial court’s order must be reversed because “there exists no basis for joint and several liability.” We agree.
 

 Section 56.29 of the Florida Statutes provides that, in proceedings supplementary, the trial court may order any property of the judgment debtor in the hands of another person to be applied to the judgment debt. The undisputed evidence in this case was that each of the third-party defendants received $34,000.00 from DAA. Therefore, each third-party defendant could only be held responsible for returning that $34,000.00 to the judgment creditor. The procedures governing proceedings supplementary do not permit the trial court to impose this obligation jointly and severally among multiple third-party defendants.
 
 [2]
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 MONACO, C.J. and LAWSON, J., concur.
 

 [1]
 

 . Section 726.105(l)(a) of the Florida Statutes (2009) provides in relevant part, as follows:
 

 726.105. Transfers fraudulent as to present and future creditors
 

 (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor’s claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
 

 (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; ...
 

 [2]
 

 . If die judgment creditor initiated an independent action against the third-party defendants to recover these monies through a cause of action such as fraudulent conveyance, fraud, or conspiracy, a basis might exist for joint and several liability.