MORRIS, Judge.
Appellants — Fundamental Long Term Care Holdings, LLC, Murray Forman, and Leonard Grunstein — appeal a nonfinal order denying their motion to dismiss proceedings supplementary initiated against them by the estate of Juanita Jackson (the Estate). In denying the motion to dismiss, the trial court rejected appellants’ argument that the trial court lacked personal jurisdiction because the appellants never received service of process with an im-pleader complaint in the proceedings supplementary. We affirm the order on appeal and write to clarify the law on this issue.
*7 I. Background
After settling with eleven defendants in nursing home litigation, the Estate obtained a default judgment for $110 million against two remaining defendants. The Estate then filed motions to implead sixteen new defendants, including the three appellants in this appeal, in proceedings supplementary under section 56.29, Florida Statutes (2010). The trial court entered orders granting the motions to im-plead and ordering the new defendants to show cause why they should not be held liable for the judgments. The appellants moved to dismiss, alleging among other things that the trial court lacked personal jurisdiction over them because the Estate failed to serve them with a summons and an impleader complaint. At the conclusion of a hearing, the trial court orally denied the appellants’ motion on the basis that “[t]his action has been filed pursuant to section 56.29. It’s a postjudgment action. Pursuant to that statute the motion to dismiss will be denied. This court has jurisdiction.” The trial court then entered a written order of denial, which the appellants now appeal.
II. Jurisdiction
The Estate claims that the nonfinal order may not be appealed based on cases which generally hold that an order im-pleading a third party in proceedings supplementary is not appealable. See Maryland Cas. Co. v. Century Constr. Corp., 656 So.2d 611 (Fla. 1st DCA 1995); Sverdahl v. Farmers & Merchs. Sav. Bank, 582 So.2d 738 (Fla. 4th DCA 1991); Machado v. Foreign Trade, Inc., 544 So.2d 1061 (Fla. 3d DCA 1989); Warren v. Se. Leisure Sys., Inc., 522 So.2d 979 (Fla. 1st DCA 1988). However, in those cases, the impleaded parties never sought to dismiss the proceedings supplementary on the basis of lack of personal jurisdiction. See Sverdahl, 582 So.2d at 740; Machado, 544 So.2d at 1062. In fact, in Warren, the court noted that the impleaded parties never challenged personal jurisdiction in their motions to dismiss and were therefore “not entitled to review at this stage of the proceedings.” 522 So.2d at 981. Here, the nonfinal order determines personal jurisdiction and we therefore have jurisdiction to review it. See Fla. R.App. P. 9.130(a)(3)(C)(i); see also Nat’l Lake Devs., Inc. v. Lake Tippecanoe Owners Ass’n, 417 So.2d 655, 657 (Fla.1982) (holding that “‘the term “jurisdiction of the person” refers to service of process or the applicability of the long[-]arm statute to nonresidents’ ” (quoting and approving Nat’l Lake Devs., Inc. v. Lake Tippecanoe Owners Ass’n, 395 So.2d 592, 593 (Fla. 2d DCA 1981))).

III.Analysis

On appeal, the appellants argue that proceedings supplementary under section 56.29 are governed by the Florida Rules of Civil Procedure and that the rules require that a newly impleaded defendant be served with a summons and complaint in order for the court to have personal jurisdiction over that newly impleaded defendant. In response, the Estate claims that there is no requirement that a plaintiff file an impleader complaint and serve process with that complaint in order to commence proceedings supplementary against new third parties. The Estate claims that the trial court properly denied the appellants’ motion to dismiss because the Estate followed the procedure set forth in section 56.29.
Proceedings supplementary under section 56.29 are special statutory “proceedings subsequent to judgment to aid a judgment creditor in collecting his judgment against the judgment debtor.” Rosenfeld v. TPI Int’l Airways, 630 So.2d *8 1167, 1169 (Fla. 4th DCA 1998). In order to initiate proceedings supplementary, the statute requires that the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding. § 56.29(1); B & I Contractors, Inc. v. Mel Re Constr. Mgmt., 66 So.3d 1035, 1037 (Fla. 2d DCA 2011); NTS Fort Lauderdale Office Joint Venture v. Serchay, 710 So.2d 1027, 1028 (Fla. 4th DCA 1998); Office Bldg., LLC v. CastleRock Sec., Inc., No. 10-61582-CIV, 2011 WL 1674963, at *2 (S.D.Fla. May 3, 2011). “The statutory procedure was designed to avoid the necessity of the judgment creditor initiating an entirely separate action for a creditor’s bill.” Regent Bank v. Woodcox, 636 So.2d 885, 886 (Fla. 4th DCA 1994); see Office Bldg., LLC, 2011 WL 1674963, at *3.
In B & I Contractors, 66 So.3d at 1037, this court explained that section 56.29(1) provides that an affidavit be filed to commence the proceedings but this court noted that motions are commonly used also. This court suggested that once entitlement to the proceedings has been established by this process, third parties not before the court may be brought into the proceedings by impleader. Id. at 1037-38. This court did not discuss the process by which a new defendant should be impleaded.
The appellants correctly argue that the Florida Rules of Civil Procedure apply to proceedings supplementary under section 56.29. See Exceletech, Inc. v. Williams, 597 So.2d 275 (Fla.1992) (applying the rules and holding that the rules do not require a judgment creditor to be examined before a third party is impleaded in proceedings supplementary and that the rules do not require a petition to implead to be sworn to). But unless the civil rules provide to the contrary, the statutory procedure set forth in section 56.29 controls. See Fla. R. Civ. P. 1.010 (providing that the civil “rules apply to all ... special statutory proceedings in the circuit courts” and that “[t]he form, content, procedure, and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary”); see also BNP Paribas v. Wynne, 944 So.2d 1004, 1005 (Fla. 4th DCA 2005) (holding that the special statutory proceeding of a garnishment “‘shall be controlled by the statute itself unless the rules [of civil procedure] provide otherwise’ ” (alteration in original) (quoting Federated Stores Realty, Inc. v. Burnstein, 392 So.2d 573, 574 (Fla. 4th DCA 1980))); Crocker v. Diland Corp., 593 So.2d 1096, 1098 (Fla. 5th DCA 1992) (“In effect, the supreme court has indicated that if there is some aspect of a special statutory procedure it disapproves, it will say so by rule. Unless it does, the special statutory procedures apply.”).
There is no explicit rule requiring that a plaintiff wishing to initiate proceedings supplementary against a new third party must file an impleader complaint and serve process of that complaint on the new third party.[1] Therefore, we must look to *9 the procedure in section 56.29. Section 56.29 directs a plaintiff to file an affidavit attesting that the plaintiff holds an unsatisfied judgment as well as a motion to require the defendant in execution to appear before the court. § 56.29(1), (2).[2] The trial court shall then enter an order requiring the defendant to appear before the court for an examination concerning the defendant’s property. § 56.29(2). The trial court’s “order shall be served in a reasonable time before the date of the examination in the manner provided for service of summons or may be served on such defendant or his or her attorney as provided for service of papers in the rules of civil procedure.” § 56.29(3) (emphasis added).
Although the statutory procedure above seems clear, the case law in Florida does not clearly answer the question before us. The appellants rely on several cases in support of their argument that an impleader complaint must be filed with process served on the new defendants in order for the trial court to have personal jurisdiction over the new defendants in proceedings supplementary. In Boats Express, Inc. v. Thackeray, 978 So.2d 206, 210 (Fla. 2d DCA 2008), a plaintiff filed a motion for proceedings supplementary in Florida to collect on a foreign judgment against Boats Express that had become enforceable in Florida. The plaintiff sought to implead the president and sole shareholder of Boats Express, and the trial court allowed him to be impleaded. The plaintiff never filed an amended pleading adding the new defendant, and “nothing was ever served on [the new defendant].” Id. Orders were entered requiring the new defendant to be examined and to present documents and referring to him as a witness, but nothing informed the new defendant that a judgment could be entered against him. A final judgment was entered against him. This court reversed the final judgment against the new defendant because no complaint had ever been filed against him and he was therefore deprived of an opportunity to be heard. Id. at 211. This court noted that “[t]he first actual step taken in a civil action is the filing of a complaint.” Id. (citing Fla. R. Civ. P. 1.050, which provides that an action is commenced when the complaint is filed).
Boats Express, Inc. suggests that an impleader complaint must be filed and served on a new defendant. But in that case, the new defendant was never served with any document informing him that he could be held liable for the judgment. Here, the new defendants were personally served with a copy of the order to show cause, as provided for in section 56.29(3), *10 and the order clearly informed the new defendants that the Estate was seeking to enforce a judgment against them.
The appellants also rely on Forman v. Great American Resorts of Florida, 929 So.2d 1089 (Fla. 4th DCA 2006), which held that the third party had not been properly impleaded in the proceedings supplementary because although the plaintiff filed a motion for proceedings supplementary, the plaintiff did not file an im-pleader complaint and did not serve it on the third party. Id. at 1090. The court held that the third party was only a witness and not a party to the action and that the order directing the third party to appear was a discovery order not subject to appeal. Id. But Forman improperly relies on Florida Rule of Civil Procedure 1.180, titled “Third-Party Practice,” which addresses third-party defendants who may be brought in by a defendant as being liable to the defendant. As the Third District noted in Patterson v. Venne, 594 So.2d 331, 332 n. 4 (Fla. 3d DCA 1992), third-party practice is not invoked in proceedings supplementary. Rather, the “additional defendant is an impleader defendant, not a third[-]party defendant. The original defendant-judgment debtor is not making a claim against [the new defendant]; instead the original plaintiff is proceeding against [the new defendant] as a newly impleaded defendant.” Id.
The appellants also rely on Machado, 544 So.2d at 1062, but Machado only states that a new defendant must be fully impleaded and brought into the case as an actual party and given a full and fair opportunity to present his or her claims. It does not explain the procedural process that should be followed.
In some cases, plaintiffs have impleaded judgment debtors as new defendants by filing impleader complaints. See, e.g., Rosenfeld, 630 So.2d at 1167; Warren, 522 So.2d at 980; Mickler v. Aaron, 490 So.2d 1343 (Fla. 4th DCA 1986); Mitutoyo Am. Corp. v. Suncoast Precision, Inc., No. 8:08-mc-36-T-TBM, 2011 WL 2802938, at *1 (M.D.Fla. July 18, 2011); Office Bldg., LLC, 2011 WL 1674963. But at the most, those cases implicitly suggest, rather than hold, that an impleader complaint must be filed. See Rosenfeld, 630 So.2d at 1168 (holding that trial court had subject matter jurisdiction over the proceedings supplementary because judgment creditor filed an impleader complaint); Morningstar Healthcare, LLC v. Greystone & Co., No. 8:05-CV-949-T-MAP, 2008 WL 1897590, at *2 (M.D.Fla. Apr.28, 2008) (granting motion for proceedings supplementary and ordering judgment creditor to file complaint seeking to implead new defendant).
On the other hand, the impleading of new defendants has also occurred by motion. See, e.g., Regent Bank, 636 So.2d at 886 (holding that nothing more was required to implead new defendant than a motion to implead and the affidavit required under section 56.29); Luskin v. Luskin, 616 So.2d 559, 561-62 (Fla. 4th DCA 1993) (rejecting claim that new defendants were not properly served or given adequate notice of the proceeding; new defendants were impleaded by motion and the record showed that they were properly served under rule 1.080(b) and were also given notice of the trial date). In Pollizzi v. Paulshock, M.D., 52 So.3d 786 (Fla. 5th DCA 2010), the judgment creditor filed a motion to commence proceedings supplementary and to implead a new defendant, serving the motion on counsel for the new defendants. The matter proceeded to non-jury trial, and the trial court entered judgment against the new defendants. On appeal, the Fifth District rejected the new defendants’ argument that the order violated their right to due process, finding that the new defendants had received ade *11 quate notice and an opportunity to defend. Id. at 788-89.
In the Fifth District’s decision in Exceletech, Inc. v. Williams, 579 So.2d 850, 852-53 (Fla. 5th DCA 1991), approved in its entirety by the supreme court, 597 So.2d 275, the Fifth District stated that an im-pleaded defendant is not entitled to more than fair notice of the allegations and the opportunity to present its ease.
[F]air notice of the allegations by [the plaintiff] in seeking to collect on his judgment was afforded to [the new defendant] and it was given the opportunity to present its case at a hearing before an impartial decision maker. It was entitled to no more. Insofar as due process is concerned[,] the form which is utilized to notify the third party defendant of the creditor’s allegations, whether an order to show cause or a third party complaint, is immaterial.
Id. at 852-53.
Further, in the federal case that remanded the instant case back to state court, the district court noted that “[a] supplemental proceeding [under section 56.29] contemplates no complaint, no cause of action, no counter-claim, no finding of personal liability in either contract or tort, and no personal judgment against an impleaded party.” Estate of Jackson v. Ventas Realty, Ltd. P’ship, 812 F.Supp.2d 1306, 1310 (M.D.Fla.2011) (emphasis added); see also Gen. Trading Inc. v. Yale Materials Handling Corp., 119 F.3d 1485, 1496 n. 22 (11th Cir.1997) (noting that a summons and a complaint are not required to exercise personal jurisdiction over a new defendant in proceedings supplementary).
IV. Conclusion
In conclusion, there is no requirement in the civil rules that an impleader complaint be filed with process served on the new defendant in order to obtain personal jurisdiction over the new defendant in proceedings supplementary. In this case, the Estate properly followed the procedure set forth in section 56.29. Therefore, the trial court did not lack personal jurisdiction over the appellants on the basis of insufficient service of process. Accordingly, we affirm the order denying the appellants’ motion to dismiss.
Affirmed.
LaROSE and CRENSHAW, JJ„ Concur.

. The rules cited by the appellants do not address this situation. See generally Fla. R. Civ. P. 1.070(a), 1.070(e), 1.080, 1.100(a), 1.110, 1.180. The appellants do not rely on Florida Rule of Civil Procedure 1.110, which provides the following:
(h) Subsequent Pleadings. When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not ap *9 ply to proceedings that may be initiated by motion under these rules.
While this rule might appear to address the situation at hand, the Committee Notes to the rule provide the following:
Subdivision (h) is added to cover a situation usually arising in divorce judgment modifications, supplemental declaratory relief actions, or trust supervision. When any subsequent proceeding results in a pleading in the strict technical sense under rule 1.100(a), response by opposing parties will follow the same course as though the new pleading were the initial pleading in the action. The time for answering and authority for defenses under rule 1.140 will apply. The last sentence exempts post judgment motions under rules 1.480(c), 1.530, and 1.540, and similar proceedings from its purview.

. The procedure laid out in section 56.29(2) is consistent with Florida Rule of Civil Procedure 1.250(c), which generally provides that "[pjarties may be added by order of court on [the court’s] own initiative or on motion of any party at any stage of the action and on such terms as are just.” See Exceletech, 597 So.2d at 276 (suggesting that rule 1.250(c) is proper method by which to join parties in proceedings supplementary).