PER CURIAM.
The Notice of Appeal having been filed thirty-four days after rendition of the trial court’s order granting appellee’s motion to relocate with the parties’ minor children, we are compelled to dismiss this appeal as untimely. See Fla. R.App. P. 9.020(i) & 9.110(b). The law in Florida is well settled that a motion for rehearing or reconsideration does not toll the time for filing an appeal from a non-final order reviewable pursuant to the provisions of Florida Rule of Appellate Procedure 9.130. See Panama City Gen. P’ship v. Godfrey Panama City Inv., LLC, 109 So.3d 291, 292 (Fla. 1st DCA 2013) (recognizing “a motion for reconsideration of a nonfinal order does not toll the 30-day time limit for appeal”); SC. Read, Inc. v. Seminole Cnty. Sch. Bd., 932 So.2d 1255, 1256-57 (Fla. 5th DCA 2006) (holding a motion for rehearing from an appealable, non-final order “is not authorized” and “thus does not toll the time for filing an appeal”); Deal v. Deal, 783 So.2d 319, 321 (Fla. 5th DCA 2001) (concluding that a motion for rehearing directed to a non-final order determining child custody in a domestic relations matter and appeal-able pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii), “is not authorized under the rules and does not toll the time for filing the notice of appeal”).
DISMISSED.
CLARK, ROWE, and SWANSON, JJ., concur.