SILBERMAN, Judge.
The Jarboe Family and Friends Irrevocable Living Trust (the Trust) and Thomas R. Clark as Trustee (the Trustee) seek review of the order denying their motions to dismiss an impleader complaint which was filed in proceedings supplementary. We reverse because the trial court applied the wrong law in determining whether plaintiff Betty Spielman had established in personam jurisdiction over these nonresident defendants.
The underlying case involved a lawsuit filed by Spielman against Ronald E. Jar-boe which resulted in a final judgment for $754,720.40 against Jarboe. In an attempt to collect on the judgment, Spielman filed a motion for proceedings- supplementary and two separate motions to implead third parties. The court granted Spielman’s motions, and Spielman filed an impleader complaint naming both the Trust and the Trustee among the third-party defendants. In the unsworn complaint, Spielman alleged that the Trustee facilitated the fraudulent transfer of property from Jar-boe to the Trust as part of Jarboe’s attempt to delay, hinder, or defraud Spiel-man.
The complaint contained the following jurisdictional allegations regarding the Trust and the Trustee:
7. Impleaded Defendant The Jarboe Family and Friends Irrevocable Living Trust is a Kentucky trust corporation and owns property in Florida, Kentucky, Georgia, Ohio, and elsewhere. Implead-ed Defendant The Jarboe Family and Friends Irrevocable Living Trust re *668 ceived this property through a fraudulent transfer from Defendant Ronald Jarboe and/or Ronald Jarboe is the alter ego of Impleaded Defendant The Jarboe Family and Friends Irrevocable Living Trust.
8. Impleaded Defendant Thomas Clark is the Trustee of the Jarboe Family and Friends Irrevocable Living Trust and, upon information and belief, is believed to be a citizen of Kentucky. Impleaded Defendant Thomas Clark facilitated the fraudulent transfer of assets from Ronald Jarboe to The Jarboe Family and Friends Irrevocable Living Trust.
The Trust and the Trustee filed motions to dismiss the impleader complaint for lack of personal jurisdiction along with an affidavit of the Trustee. In the affidavit, the Trustee averred that the Trust was created and administered in Kentucky. Among other things, the Trustee denied that the Trust owns property located in Florida, conducts business in Florida, or committed any tortious acts in Florida. The Trustee asserted that “the Trust has been properly maintained as a separate legal entity in the State of Kentucky.” The Trustee also challenged personal jurisdiction over him, stating that he is a resident of Kentucky who administers the Trust through his offices in Kentucky. The Trustee denied that he did acts that would subject him to the jurisdiction of a Florida court.
Spielman filed a memorandum in opposition to the motion to dismiss along with the deposition of Ronald E. Jarboe, the judgment debtor. Spielman argued that the deposition and other documents established jurisdiction “by virtue of the fraudulent transfers of assets made in the State of Florida to the trust in conjunction with Defendant Jarboe’s own admission during deposition about the transfers to [the Trustee and the Trust].”
At the hearing on the motions to dismiss, the Trust and the Trustee argued that Florida’s long-arm statute[1] and the Florida Supreme Court’s decision in Venetian Salami[2] governed the issue of personal jurisdiction. The Trust and the Trustee asserted that, under this authority, the filing of the Trustee’s affidavit shifted the burden of proving personal jurisdiction to Spielman.[3] And the Trust and the Trustee asserted that Spielman failed to meet this burden of proof because she did not file a counter-affidavit establishing the basis for personal jurisdiction.
Spielman disagreed that Florida’s long-arm statute and Venetian Salami apply in proceedings supplementary. Spielman argued that the only allegations required to *669 meet the jurisdictional pleading requirements were those setting forth a facially sufficient cause of action for proceedings supplementary under section 56.29, Florida Statutes (2011). Spielman asserted that the impleader complaint’s allegations that the Trust and the Trustee transferred property to delay, hinder, or defraud Spiel-man satisfied this requirement. Spielman alternatively asserted that Jarboe’s deposition refuted the factual allegations in the Trustee’s affidavit.
The trial court agreed with Spiel-man’s primary argument and entered an order denying the motion to dismiss. The court did not discuss Florida’s long-arm statute or Venetian Salami but reasoned as follows:
Upon reviewing the allegations in the Impleader Complaint, documentation in the court file, the response to the motions of Ms. Spielman, and argument of counsels [sic], this Court concludes that it is clear and obvious that the allegations of transfers made to delay, hinder, or defraud Ms. Spielman are sufficient to provide jurisdiction in this Court for proceedings supplementary under section 56.29.
Without any doubt, this Court has personal jurisdiction over the Jarboe Family Trust and Trustee Clark. The motions to dismiss are denied.
We conclude that, as to in personam jurisdiction over nonresident defendants, this reasoning is erroneous.
This court has observed that section 56.29(1) requires that a judgment creditor seeking to initiate proceedings supplementary “have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding.” Fundamental Long Term Care Holdings, LLC v. Estate of Jackson, 110 So.3d 6, 8 (Fla. 2d DCA 2012), review denied, 118 So.3d 220 (Fla.2013). Once a judgment creditor establishes entitlement to proceedings supplementary by this process, third parties may be joined in the proceedings by im-pleader. Id.
The procedural requirements of section 56.29 have been referred to as “jurisdictional prerequisites for proceedings supplementary.” See Mejia v. Ruiz, 985 So.2d 1109, 1112 (Fla. 3d DCA 2008). And courts have recognized that the satisfaction of the procedural requirements of section 56.29 allows personal jurisdiction to be obtained over an impleaded defendant. See, e.g., Estate of Jackson, 110 So.3d at 11 (holding that a court does not lack personal jurisdiction over an impleaded defendant on the basis of insufficient service of process if the plaintiff complies with the procedural requirements of section 56.29); Exceletech, Inc. v. Williams, 579 So.2d 850, 852-53 (Fla. 5th DCA 1991) (en banc) (addressing the procedure to add third-party defendants in proceedings supplementary and holding that impleaded defendants are “entitled to no more” than notice of the judgment creditor’s allegations via either order to show cause or third-party complaint and the opportunity to be heard by an impartial decision maker), approved, 597 So.2d 275 (Fla.1992).
However, neither section 56.29 nor the above-cited cases address the specific question presented here: whether a Florida court may exercise in personam jurisdiction over a nonresident third-party defendant through impleader absent a basis for personal jurisdiction under Florida’s long-arm statute. As has been noted, long-arm jurisdiction is a separate species of jurisdiction from that which is dependent upon pleadings or other procedural happenings. See Judge Scott Stephens, Florida’s Third Species of Jurisdiction, 82 Fla. B.J. 10, 11 (Mar. 2008) (discussing the differences between subject-matter jurisdiction, in personam jurisdiction, and “pro *670 cedural jurisdiction”). Indeed, at least two Florida courts have addressed the issue of in personam jurisdiction over nonresident third-party impleader defendants by applying Florida’s long-arm statute as set forth in Venetian Salami See, e.g., Tabet v. Tabet, 644 So.2d 557, 559 (Fla. 3d DCA 1994); Neff v. Adler, 416 So.2d 1240, 1243-44 (Fla. 4th DCA 1982), superseded by statute on other grounds, Standard Prop. Inv. Trust, Inc. v. Luskin, 585 So.2d 1099 (Fla. 4th DCA 1991). Thus, the Trust and the Trustee correctly argue that the issue of in personam jurisdiction in this case must be determined in accordance with the procedures explained in Venetian Salami.
Here, the Trust and the Trustee filed a motion to dismiss, asserting that they are nonresident defendants and are not subject to the long-arm jurisdiction of a Florida court. They filed a supporting affidavit in accordance with the procedure established in Venetian Salami. Spielman filed a memorandum in opposition to the motion. She did not file a supporting affidavit, but she filed Jarboe’s deposition and argued that the deposition and other documents establish jurisdiction.
In determining that it had jurisdiction, it appears that the trial court relied solely on Spielman’s allegations that Jarboe had fraudulently transferred property. The court did not address the assertions contained in the affidavit filed by the Trust and the Trustee that they did not engage in conduct that would subject them to the long-arm jurisdiction of a Florida court. While Spielman argued that jurisdiction existed and asserted that Jarboe’s deposition supported the exercise of jurisdiction, the trial court did not follow the procedures outlined in Venetian Salami to resolve the question of long-arm jurisdiction. Accordingly, we reverse and remand with directions for the court to reevaluate the issue of in personam jurisdiction raised in the motion to dismiss under Florida’s long-arm statute as set forth in Venetian Salami.
Reversed and remanded.
VILLANTI and WALLACE, JJ., Concur.

. § 48.193, Fla. Stat. (2011).

. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989).

. The Venetian Salami court set forth the following procedure for nonresident defendants to challenge in personam jurisdiction under Florida’s long-arm statute:
Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. In most cases, the affidavits can be harmonized, and the court will be in a position to make a decision based upon facts which are essentially undisputed.... [When the affidavits cannot be harmonized,] the trial court will have to hold a limited evidentiary hearing in order to determine the jurisdiction issue.
554 So.2d at 502-03 (citations omitted).