LaROSE, Judge.
In appellate case number 2D12-5355, Rubin Schron challenges a nonfinal order in which the trial court found that it had personal jurisdiction over him. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(i); Frier v. Frier, 13 So.3d 145, 146 (Fla. 1st DCA 2009) (explaining that where a trial court’s order actually makes a determination as to personal jurisdiction, the order falls within the scope of the rule allowing for an interlocutory appeal). Mr. Schron, who was impleaded into an underlying nursing home negligence case, argues that the trial court exercised personal jurisdiction over him based on inadequate pleadings, insufficient evidence, and spare due process. We re *686 verse and remand for further proceedings.[1]
The trial court entered an “order on order to show cause” that found personal jurisdiction over Mr. Schron. The order explicitly contemplated further judicial action. Indeed, the order provided that a final judgment would be entered by later separate order. We must reject the Estate’s suggestion that we ignore the nonfi-nal nature of the order because supplementary proceedings, see § 56.29, Fla. Stat. (2012), do not require the full panoply of due process protections as required in direct proceedings. Rule 9.130(a)(3)(C)(i) authorizes us to review nonfinal orders that determine jurisdiction over the person. Rule 9.130(f), Stay of Proceedings, provides that
[i]n the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
The order on appeal in case number 2D12-5355 is nonfinal. The order contains no unequivocal language of finality. See Hoffman v. Hall, 817 So.2d 1057, 1058 (Fla. 1st DCA 2002). Where, as here, some future order is contemplated, the order is nonfinal for our purposes. See id. In sum, the order is appealable under rule 9.130.
That the proceedings against Mr. Schron are supplementary is of no moment. Recently, in Fundamental Long Term Care Holdings, LLC v. Jackson-Platts, 110 So.3d 6, 7 (Fla. 2d DCA 2012), an estate claimed that nonfinal orders could not be appealed, relying heavily on cases that generally held that an order impleading a third party in supplementary proceedings was not appealable. Apparently, however, in those cases, the im-pleaded parties never sought to dismiss the proceedings for lack of personal jurisdiction. In Fundamental, we held that we had jurisdiction to review the nonfinal order pursuant to rule 9.130(a)(3)(C)(i). Fundamental, 110 So.3d at 11.
Furthermore, our record establishes that the parties submitted conflicting affidavits as to whether Mr. Schron was subject to personal jurisdiction in Florida. Where such conflict exists, the trial court must hold a limited evidentiary hearing to determine the jurisdiction issue. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989); Madonna v. Gaynor, 95 So.3d 990, 990-91 (Fla. 2d DCA 2012) (relying on Venetian Salami Co. and reversing and remanding for a proper evidentiary hearing to determine issue of personal jurisdiction; recognizing that it may be necessary for the parties to engage in discovery limited to the jurisdictional facts prior to the evidentiary hearing); WH Smith, PLC v. Benages & Assocs., Inc., 51 So.3d 577, 582 (Fla. 3d DCA 2010). And supplementary proceedings in Florida are not always merely ancillary; impleaded third parties must have an opportunity to raise defenses and protect their interests in a manner consistent with due process. Jackson-Platts v. Gen. Electric Capital Corp., 727 F.3d 1127, 1137 (11th Cir.2013) (citing Mejia v. Ruiz, 985 So.2d 1109, 1112 (Fla. 3d DCA 2008)).
The parties have constructed sweeping arguments about what should have oe- *687 curred below and what remedy we should fashion. We decline to address those arguments. We rule on the narrow ground that there was conflicting evidence as to Mr. Schron’s amenability to personal jurisdiction in Florida; the trial court should have conducted a limited evidentiary hearing to resolve the issue. We do not foreclose the ability of the parties to raise with the trial court the nature and extent of jurisdictional discovery that may be needed on remand.[2]
The appealable nonfinal order entered in appellate case number 2D12-5355 is reversed, and we remand the matter for further proceedings consistent with this opinion. The final judgment entered in appellate case number 2D12-5960 is vacated, and the appeal is dismissed.
VILLANTI and BLACK, JJ., Concur.

. In the companion appeal, appellate case number 2D12-5960, Mr. Schron appeals the trial court’s supplementary final judgment holding him liable for $200 million in damages in the underlying case. We vacate the final judgment entered in 2D12-5960 and dismiss the appeal. The trial court was without jurisdiction to enter the final judgment. See Fla. R. App. P. 9.130(f); Benjamin v. Pore, 995 So.2d 543, 544 (Fla. 2d DCA 2008).

. The patties have advised us that there are pending bankruptcy proceedings related to this case. We offer no comment as to the impact of those proceedings on this matter.