# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1985
Lower Tribunal No. 18-23308
_____


**The Avael Law Firm, PLLC,**
Appellant,

vs.

**Sarina Sechrist, et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.


Twig, Trade, & Tribunal, PLLC, and Morgan L. Weinstein (Fort Lauderdale), for appellant.

Kai P. Thompson, P.A., and Kai P. Thompson, for appellees.


Before EMAS, SCALES and BOKOR, JJ.

SCALES, J.

Appellant The Avael Law Firm, PLCC ("the law firm"), the impleaded defendant below, appeals the trial court's September 27, 2021 non-final order denying its motion to vacate or reconsider the court's December 3, 2019 non-final order that had granted the judgment creditors'[1] motion to commence proceedings supplementary[2] and to implead the law firm as a third party. Because we lack appellate jurisdiction to review any aspect of the challenged September 27, 2021 order, we *sua sponte* dismiss the appeal.

## I.    RELEVANT FACTS AND PROCEDURAL BACKGROUND

On October 8, 2018, the judgment creditors obtained a money judgment against the defendants below, Julio Avael and Motivational Coaches of America, Inc. d/b/a MCUSA, Inc. During post-judgment discovery, the judgment creditors learned that, in April 2019, Avael and his wife had sold a parcel of real property and transferred proceeds from the sale to the law firm, which is owned and operated by Avael's wife. The judgment creditors then filed an *ex parte* motion to commence proceedings supplementary and to implead the law firm as a third party ("the impleader

---

[1] The judgment creditors are appellees Sarina Sechrist, Vincent Osborne, Margaret Tasayco, Michael Cure, Cristina Serrano and Eva Bryant.

[2] See § 56.29, Fla. Stat. (2019).

motion"). On December 3, 2019, the trial court entered an order granting the impleader motion and directing the law firm to respond to the judgment creditors' impleader action within thirty days after being served ("the impleader order").

On February 20, 2020, the judgment creditors served process on the law firm. On March 6, 2020, the law firm moved to quash service of process, arguing, in part, that service did not comply with section 56.29 of the Florida Statutes. On October 13, 2020, the trial court entered a non-final order denying the law firm's motion to quash.

The law firm chose not to appeal the October 13, 2020 non-final order, though it could have done so. See Fla. R. App. P. 9.130(a)(3)(C)(i); Fundamental Long Term Care Holdings, LLC v. Estate of Jackson ex rel. Jackson-Platts, 110 So. 3d 6, 7 (Fla. 2d DCA 2012) (recognizing that Florida's appellate courts have jurisdiction to review non-final orders in proceedings supplementary that determine personal jurisdiction over an impleaded third party). Instead, citing only to Florida Rule of Civil Procedure 1.540(b), the law firm filed below its December 3, 2020 "Motion to Vacate or Reconsider" the December 3, 2019 impleader order ("vacatur motion"). The vacatur motion argued, once again, that service did not comply with section 56.29. In addition, the vacatur motion argued that the trial court had entered

3

the impleader order in error because the judgment creditors' impleader motion and supporting affidavit purportedly failed to sufficiently identify the property in the law firm's possession that was available to satisfy the judgment.

Following an evidentiary hearing on the vacatur motion, the trial court entered the challenged September 27, 2021 non-final order denying the vacatur motion in its entirety. On October 5, 2021, the law firm filed a notice of appeal in this Court seeking appellate review of the challenged order.[3]

## II.  ANALYSIS

We lack appellate jurisdiction to review the challenged order for several reasons. First, to the extent that the law firm characterized its vacatur motion as a rule 1.540(b) motion below, the motion was unauthorized.

---

[3] Prior to the law firm's submission of its initial brief, this Court issued an order directing the law firm to show cause why the instant appeal should not be dismissed as one taken from a non-final, non-appealable order. In its response, the law firm claimed that the challenged non-final order was appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) because it purportedly "determine[s] . . . the jurisdiction of the person." Because the Court discharged its show cause order without an opinion, the merits panel may now revisit the jurisdiction question herein. See State v. Bryant, 901 So. 2d 381, 382 (Fla. 3d DCA 2005) ("Under this court's long-standing practice, an order which denies a motion to dismiss the appeal without opinion is an interlocutory ruling which may be revisited by the merits panel.").

"While, in 2019, the Florida Supreme Court amended rule 1.540(b) to clarify that motions filed under the rule could be directed toward 'orders,' as well as toward 'judgments' and 'decrees,' our Supreme Court plainly indicated that the rule is applicable to seek vacatur of orders that are *final*." Lawrence v. Marina Tower of Turnberry Isle Condo. Ass'n, Inc., 323 So. 3d 271, 272-73 (Fla. 3d DCA 2021) (citation omitted). Here, the law firm's vacatur motion was directed at the trial court's impleader order that was plainly a non-final order. See Fundamental Long Term Care Holdings, LLC, 110 So. 3d at 7. Therefore, not only was the vacatur motion not cognizable under rule 1.540(b), but we also lack appellate jurisdiction to review the challenged order adjudicating it. See Lawrence, 323 So. 3d at 273.

Next, to the extent the trial court treated the vacatur motion as one seeking "reconsideration" of the trial court's non-final impleader order, the challenged order is still not reviewable by this Court. "Motions for 'reconsideration' apply to nonfinal, interlocutory orders, and are based on a trial court's 'inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment or order terminating an action . . . .'" Seigler v. Bell, 148 So. 3d 473, 478-79 (Fla. 5th DCA 2014) (quoting Silvestrone v. Edell, 721 So. 2d 1173, 1175 (Fla. 1998) (citations omitted)). Importantly, "a motion for . . . reconsideration does not

toll the time for filing an appeal from a non-final order reviewable pursuant to the provisions of Florida Rule of Appellate Procedure 9.130." <u>Lovelace v. Lovelace</u>, 124 So. 3d 447, 447 (Fla. 1st DCA 2013).[4] Moreover, "an order that simply denies a motion for reconsideration . . . of an underlying *non-final* order . . . is not in itself an appealable order." <u>See</u> <u>Samara v. Tenet Fla. Physician Servs., LLC</u>, 317 So. 3d 187, 189 (Fla. 3d DCA 2021) (quoting <u>Agere Sys. Inc. v. All Am. Crating, Inc.</u>, 931 So. 2d 244, 245 (Fla. 5th DCA 2006)). Therefore, even if the vacatur motion is treated as a motion for reconsideration of the impleader order, this Court lacks appellate jurisdiction to review the challenged order denying the vacatur motion.[5]

---

[4] Because the non-final impleader order merely impleaded the law firm as a third party and did not otherwise determine personal jurisdictional, it  was not reviewable pursuant to rule 9.130. <u>See</u> <u>Fundamental Long Term Care Holdings, LLC</u>, 110 So. 3d at 7 (distinguishing non-appealable, non-final orders that merely implead a third party in proceedings supplementary from appealable, non-final orders that deny a third party's motion to dismiss the proceedings supplementary on the basis of lack of personal jurisdiction).

[5] By contrast, motions for "rehearing" filed pursuant to Florida Rule of Civil Procedure 1.530 apply only to final orders and "those orders that partake of the character of a final judgment, i.e., orders that complete the judicial labor on a portion of the cause." <u>Seigler</u>, 148 So. 3d at 478 (quoting <u>Francisco v. Victoria Marine Shipping, Inc.</u>, 486 So. 2d 1386, 1390 (Fla. 3d DCA 1986)). "[A] motion for rehearing directed to a non-final order . . . is not authorized under the rules and does not toll the time for filing the notice of appeal" from an appealable, non-final order. <u>Deal v. Deal</u>, 783 So. 2d 319, 321 (Fla. 5th DCA 2001); Fla. R. App. P. 9.130(a)(5).

Finally, and in a similar vein, to the extent the trial court treated the vacatur motion as one seeking "reconsideration" of the October 13, 2020 order denying the law firm's motion to quash service of process – a non-final order that, unlike the impleader order, was appealable under rule 9.130(a)(3)(C)(i) as one that "determine[d] . . . the jurisdiction of the person"[6] – the vacatur motion did not toll the time for filing an appeal from the October 13, 2020 order. See Lovelace, 124 So. 3d at 447. Therefore, even if the vacatur motion is treated as a motion for reconsideration of the trial court's October 13, 2020 order, this Court lacks appellate jurisdiction to review the challenged order. See Samara, 317 So. 3d at 189; Cordero v. Washington Mut. Bank, 241 So. 3d 967, 968 (Fla. 3d DCA 2018) ("An untimely appeal of a prior order cannot be revived by obtaining a new order to the same effect as the original and then filing the notice of appeal within thirty days of that most recent order.").

### III.   CONCLUSION

Whether the law firm's vacatur motion is treated as (i) a rule 1.540 motion directed at the impleader order, (ii) a motion for reconsideration directed at the impleader order, or (iii) a motion for reconsideration directed at the October 13, 2020 order denying the law firm's motion to quash service

---

[6] See footnote 4, *supra.*

of process, this Court lacks appellate jurisdiction to review the challenged order denying the vacatur motion. Accordingly, we are compelled to dismiss the appeal.

Appeal dismissed.