544 So.2d 1061 (1989)
Aida MACHADO, Claudia Machado, Javier Machado and Jesus Machado, Appellants,
v.
FOREIGN TRADE, INC., and Alex Litman, Appellees.
No. 88-1439.
District Court of Appeal of Florida, Third District.
June 6, 1989.
*1062 Markowitz, Davis & Ringel and Joseph I. Davis, Jr., and Candis Trusty, Miami, for appellants.
Caron Balkany, Kluger, Peretz & Kaplan and Andrew P. Gold, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE, J., and GAVIN K. LETTS, Associate Judge.
PER CURIAM.
We have for review an order adjudicating appellant Aida Machado in contempt, and an order impleading appellants in proceedings supplementary. As appellant Aida Machado has complied with the trial court's order, the appeal from the contempt citation is moot.
The order impleading appellants in proceedings supplementary pursuant to section 56.29, Florida Statutes (1987), is a nonfinal, nonappealable order. Warren v. Southeastern Leisure Systems, Inc., 522 So.2d 979, 980 (Fla. 1st DCA 1988). See generally Marsh & McLennan, Inc. v. Aerolineas Nacionales del Ecuador, 530 So.2d 971 (Fla. 3d DCA 1988) (en banc) (rejecting contention that all post-judgment orders are appealable under Fla.R.Civ.P. 9.130(a)(4)); Grafman v. Grafman, 488 So.2d 115, 117-18 (Fla. 3d DCA 1986) (same). Treating that portion of the appeal as a petition for certiorari, we find no departure from the essential requirements of law. Warren v. Southeastern Leisure Systems, 522 So.2d at 981. Contrary to appellants' suggestion, the function of the motion for leave to implead the impleader defendants is only to determine whether a prima facie case has been made. That is not the stage at which the substantive rights of the parties are finally determined. As has long been the law,
"no rights of such third parties should be adjudged to be affected, impaired, or finally cut off by any order of court made in such proceedings supplementary to execution, unless such third parties have been first fully impleaded and brought into the case as actual parties to the proceeding, and, as such, given an opportunity to fully and fairly present their claims as parties entitled to a full and fair hearing after the making up of definite issues to be tried, and not as mere spectators or bystanders in the cause."
State ex rel. Phoenix Tax Title Corp. v. Viney, 120 Fla. 657, 663, 163 So. 57, 60 (1935) (quoting Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 120, 162 So. 483, 487 (1935)).[1]
Appeal dismissed; certiorari denied.
NOTES
[1] The procedure is analogous to that employed in third party practice under Florida Rule of Civil Procedure 1.180.