582 So.2d 738 (1991)
Roland K. SVERDAHL, Carol A. Sverdahl, and "Eptech Ltd." Environmental Purification Technology, Inc., Appellants,
v.
FARMERS AND MERCHANTS SAVINGS BANK, Manchester, Iowa, a Foreign Corporation, Appellee.
No. 91-1126.
District Court of Appeal of Florida, Fourth District.
July 10, 1991.
*739 Lawrence W. Smith, Gary, Dytrych & Ryan, P.A., North Palm Beach, for appellants.
Arthur B. D'Almeida, Arthur B. D'Almeida, P.A., for appellee.

ON MOTION TO DISMISS APPEAL
FARMER, Judge.
On this motion to dismiss we consider an issue which we have previously assumed but never actually decided: viz., whether we have jurisdiction to review by appeal or otherwise an order merely impleading a third party in proceedings supplementary. As we now explain, such orders are not reviewable until a final order is entered disposing of the proceedings supplementary against the impleaded third party.
Farmers and Merchants Savings Bank [creditor] obtained a judgment against Roland Sverdahl [debtor]. The creditor then filed a motion seeking to implead Carol A. Sverdahl and "Eptech Ltd" Environmental Purification Technology, Inc., a Florida corporation, as transferees of property of the debtor to show cause why such property should not be subjected to the creditor's writ of execution. The circuit judge found that the creditor had made a "proper showing" and granted the motion. His order required the third parties to file a written answer, response or other pleading on or before a date certain, after which a hearing would be held on due notice to determine the issues raised. It is from that order that appellants filed their notice of appeal.
The creditor seeks dismissal of the appeal on jurisdictional grounds, citing Machado v. Foreign Trade, Inc., 544 So.2d 1061 (Fla. 3d DCA 1989). Appellants respond with our decisions in Coloso Boat Corp. v. Souza, 492 So.2d 1100 (Fla. 4th DCA 1986), and Sloban v. McKesson & Robbins Drug Company, 415 So.2d 90 (Fla. 4th DCA 1982), arguing that these decisions allowed appeals of identical orders.
To be sure, neither Coloso nor Sloban raises or considers whether the orders are properly appealable. In Coloso, we held that the trial court should first have entered an order requiring the third party to show cause and allowed them an opportunity to file written defenses, and that they should have been examined in the county of their residence. In Sloban, we merely held that the impleaded third party should be given an opportunity to file written defenses to the order to show cause. By contrast, in this case we are well beyond these stages, because the subject order does the things required by these two decisions. Neither case, however, purports to decide the jurisdictional issue.
On the other hand, in Machado the third district specifically considered it and ruled that the order impleading was not appealable. Curiously the third district relied on Warren v. Southeastern Leisure Systems, Inc., 522 So.2d 979 (Fla. 1st DCA 1988), which held that such orders do not determine jurisdiction over the person within the meaning of rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure, but merely determine subject matter jurisdiction. It is difficult to understand how orders impleading third parties relate to subject matter jurisdiction, and the first district's opinion sheds little light on it.
As the third district's Machado opinion pointed out, however, orders impleading third parties under section 56.29, Florida Statutes (1989), determine no substantive rights. Rather, they are said to determine "whether a prima facie case has been made" to initiate the third party proceeding. *740 544 So.2d at 1062. Even that may overstate the effect of an impleader order under the statute. Such an order should, more properly, be understood only as an order allowing a third party to be sued.
A proceeding against third parties under section 56.29 actually seems more closely to resemble the old equitable remedy of a creditor's bill, in which the judgment creditor initiated an entirely new proceeding against a third person said to have property of the judgment debtor which was or should be subject to the creditor's unsatisfied writ of execution. In a traditional creditor's bill, the creditor was not required to make out a prima facie case with supporting evidence merely to sue the third party. As in our current system, he needed only to prepare a pleading with the requisite allegations, pay the filing fee, serve the party with process, and his proceeding was properly in court. He needed no prior leave of court to do all that.
There is really nothing in section 56.29 evidencing a legislative intent that the judgment creditor now needs prior court approval of the sufficiency of his third party claim before he can even bring the third party into court under a statutory procedure designed to simplify the creditor's bill. If the creditor can thus bring the same claim in a creditor's bill without prior court approval, there is absolutely no good reason why judges should, without clear textual support, read such a requirement into the statutory procedure. Nothing in Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483 (1935), so requires.
It is for that reason obvious to us that the first district's decision in Robert B. Ehmann Inc. v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978), is equally wrong. There the first district held that the trial court had to take testimony of the judgment creditor, issue an order to show cause, and permit the third party to file defenses to the allegations of the show cause order  all before the third party could merely be brought into court and sued!
The Robert B. Ehmann court also suggested that the rules of civil procedure were not applicable to the statutory proceedings and, even if they were, the proposed third party defendants had to be served with the motion to implead before they could merely be impleaded. Again, when one considers the function of creditors' bills, the first district's requirements for section 56.29 impleader of third parties appear quite unnecessary and unrequired by anything in the statute.
It is thus apparent that we agree with the third district in Machado. The order allowing impleader of third parties under section 56.29 does no more than allow the third parties to be sued. It merely tells them that the judgment creditor has his eye on property in their hands to satisfy his judgment and that they should now state defenses to the creditor's claim.
If the nature of the creditor's third party claim is not apparent from the order to show cause, that can be elicited with a response seeking a more definite statement, or the like. And, of course, once the parties' positions have been sufficiently stated in written filings, the court can later hold a trial on the issues created and only then determine the rights and liabilities of the parties to the subject property.
At that point, there should be a final appealable order from which the aggrieved third party can get appellate review of the whole proceeding. Any review before that may not only be premature and unnecessary, but it may also result in undue prolongation of a procedure for judgment creditors that was obviously and intentionally designed to be expeditious.
It follows also that we disagree with the first district in Robert B. Ehmann and in Warren. As the fifth district has also followed the first district in Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981), and in Exceletech, Inc. v. Williams, 579 So.2d 850 (Fla. 5th DCA 1991), we disagree with that court too. To give the parties a ticket to supreme court review of these conflicting decisions, we certify that our decision today conflicts with those identified herein.
*741 Finding that we lack jurisdiction to review the present order, which merely impleads appellants without determining any rights, we grant the motion and dismiss the appeal.
APPEAL DISMISSED.
GLICKSTEIN, C.J., and DOWNEY, J., concur.