636 So.2d 885 (1994)
REGENT BANK, a Florida Corporation, Appellant,
v.
Robert WOODCOX and Virginia Woodcox, Appellees.
No. 94-0492.
District Court of Appeal of Florida, Fourth District.
May 18, 1994.
Joseph W. May of Goodman, Webber & Hinden, P.A., Pembroke Pines, for appellant.
*886 No appearance by appellees.
FARMER, Judge.
A judgment creditor seeks review of an order denying its motion to implead a third party in proceedings supplementary under section 56.29, Florida Statutes. The order is appealable as a non-final order entered after final order on authorized motion because the court has determined finally that it would not allow the party to be so impleaded. See Fla.R.App.P. 9.130(a)(4); Sverdahl v. Farmer's & Merchants Savings Bank, 582 So.2d 738 (Fla. 4th DCA 1991) (rule 9.130(a)(4) jurisdiction to review order entered in proceedings  supplementary attaches only when trial court has entered final order on subject). The circuit judge denied this motion on the grounds that he lacked jurisdiction because the final judgment did not reserve jurisdiction for this purpose. We reverse.
The predicate for impleading a third party under section 56.29 is that the judgment creditor file an affidavit showing that the sheriff holds an unsatisfied writ of execution on a money judgment and that the unsatisfied execution is valid and outstanding. The judgment creditor here filed such an affidavit. No other showing is necessary in order to implead the third party.
Under section 56.29, "a judgment creditor may treat an attempted fraudulent transfer of property to which his debtor had legal title as a nullity and sell said property under execution as though no transfer had been made." Richard v. McNair, 121 Fla. 733, 164 So. 836 (1935). The statutory proceeding provides "a useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto by a speedy and direct proceeding in the same court in which the judgment was recovered." [e.s.] Richard, 164 So. at 840. It is "intended to afford to a judgment creditor the most complete relief possible in satisfying his judgment." Riley v. Fatt, 42 So.2d 769, 772 (Fla. 1950). The statutory procedure was designed to avoid the necessity of the judgment creditor initiating an entirely separate action for a creditor's bill. Advertects Inc. v. Sawyer Industries Inc., 84 So.2d 21 (Fla. 1955); Richard, 164 So. at 840; Ryan's Furniture Exchange Inc. v. McNair, 120 Fla. 109, 162 So. 483 (1935).
Hence the court's conclusion that it lacked jurisdiction  that the judgment creditor was required to commence an entirely new civil action simply to subject goods in the hands of a third party to its unsatisfied writ of execution  was plainly in error. Moreover, because the judgment creditor made the required statutory showing, the trial court had no discretion to deny the application. Richard, 164 So. at 840 (under section 56.29 judges have the duty to implead third parties wherever it appears relief against them may be warranted). On remand the trial court shall enter an order impleading the third party under section 56.29 and conduct further proceedings consistent with due process.
REVERSED.
KLEIN and PARIENTE, JJ., concur.