STONE, Chief Judge.
We reverse an order denying Appellant’s motion for proceedings supplementary to execution and for impleader of David Coven, P.A. and Paul Joseph Lane and Associates, P.A.
Appellant’s motion sought permission to institute supplementary proceedings and to implead third parties on the ground that they may have received assets subject to execution pursuant to the outstanding judgment. Appellant submitted an affidavit that the judgment debtors transferred funds or assets to these entities with the intent to hinder Appellant’s ability to satisfy its judgment. Appellant also filed an affidavit stating that the sheriff holds an unsatisfied writ of execution on its money judgment.
The record reflects that Appellant has met the statutory prerequisites of section 56.29, Florida Statutes (1997), which provides, in part, that:
(1) When any sheriff holds an unsatisfied execution, the plaintiff in execution may file an affidavit so stating and that the execution is valid and outstanding and thereupon is entitled to these proceedings supplementary to execution.
(2) On such plaintiff’s motion the court shall require the defendant in execution to appear before it or a master at a time and place specified by the order in the county *1028 of the defendant’s residence to be examined concerning his or her property.
* * * * * *
(6)(b) When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution.
Compliance with these statutory requirements provides a predicate for implead-ing the third parties. See Regent Bank v. Woodeox, 636 So.2d 885 (Fla. 4th DCA 1994). In Regent Bank, a judgment creditor sought review of an order denying its motion to implead a third party in a proceedings supplementary. This court reversed, holding that:
The predicate for impleading a third party under section 56.29 is that the judgment creditor file an affidavit showing that the sheriff holds an unsatisfied writ of execution on a money judgment and that the unsatisfied execution is valid and outstanding. The judgment creditor here filed such an affidavit. No other showing is necessary in order to implead the third party.
Id. at 886.
This court further recognized in Regent that section 56.29 was intended to provide “a useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto by a speedy and direct proceeding in the same court in which the judgment was recovered.” Regent at 886 (alteration in original), (quoting Richard v. McNair, 121 Fla. 733, 164 So. 836, 840 (1935)). This court concluded that because the judgment creditor made the required statutory showing, the trial court had no discretion to deny the application. See also MCI Telecommunications Corp. v. O’Brien Mktg., Inc., 913 F.Supp. 1536 (S.D.Fla.1995).
Appellant’s motion stated that Appel-lees had transferred funds to David A. Coven, P.A. and Lane & Associates, P.A. with the intent of placing these funds or assets beyond Appellant’s reach, in order to defraud, hinder, or delay satisfaction of judgment. The claim that more specific allegations are required has been rejected by this court. See Sverdahl v. Farmers and Merchants Sav. Bank, 582 So.2d 738 (Fla. 4th DCA 1991). We noted in Sverdahl that an order allowing impleader of third parties under section 56.29 does no more than allow third parties to be sued, and does not determine any substantive rights. This court found that:
A proceeding against third parties under section 56.29 actually seems more closely to resemble the old equitable remedy of a creditor’s bill_ In a traditional creditor’s bill, the creditor was not required to make out a prima facie case with supporting evidence merely to sue the third party. As in our current system, he needed only to prepare a pleading with the requisite allegations, pay the filing fee, serve the party with process, and his proceeding was properly in court.
* * * * * *
If the creditor can thus bring the same claim in a creditor’s bill without prior court approval, there is absolutely no good reason why judges should, without clear textual support, read such a requirement into the statutory procedure.
Id. at 740.
Appellant having demonstrated entitlement, the order denying Appellant’s motion for proceedings supplementary and to im-plead third parties should, therefore, be reversed.
GROSS, J. and OWEN, Jr., WILLIAM C. Senior Judge, concur.