ALTENBERND, Judge.
 

 B & I Contractors, Inc., appeals an order denying its motion for proceedings supplementary pursuant to section 56.29, Florida Statutes (2009). The trial court denied the motion after the initial, nonevi-dentiary hearing addressing this post-judgment proceeding. The order does not explain the basis for the denial. We conclude that the motion is facially sufficient and that the trial court should have granted the motion. On remand, the trial court may have authority to limit the nature and scope of the proceedings supplementary or to restrict or deny impleader of third parties, but at the initial hearing it could not simply refuse to conduct any proceedings on this motion.
 

 I. The Facts.
 

 B & I is a mechanical, electrical, and plumbing contractor that had a subcontract with Mel Re Construction Management to do work on a project owned by Bella Casa, LLC.
 
 [1]
 
 Allegedly, Edward Adkins owns and controls Mel Re and Bella Casa, but Mr. Adkins is not a party to these proceedings. B & I filed the circuit court action against Mel Re and Bella Casa seeking payment for work that it performed on the project. Ultimately, it obtained a judgment against Mel Re for $190,212.71 in September 2009 in case number 07-CA-006268. The judgment remains unpaid and is the source of B & I’s efforts to obtain proceedings supplementary.
 

 Before B & I obtained the final judgment, the parties had apparently expanded the lawsuit to include a third-party action by Bella Casa against the Bank of Florida. Bella Casa allegedly brought this third-party action as a trustee or nominee for the benefit of subcontractors, including B & I. In a written settlement agreement identifying a separate action, case number 08-CA-003759, the Bank of Florida, Mel Re, Mr. Adkins, Mr. Adkins’s wife, and several other persons or entities allegedly settled this third-party action. B & I was not a participant in this settlement, which occurred shortly before B & I obtained its judgment.
 

 B & I maintains that by releasing the bank in this written settlement, Mel Re gave up a chose in action that was a valuable asset that it could and should have used to pay B & I’s claim. It argues that Mel Re gave up this chose in action in
 
 *1037
 
 order to obtain a release of Mr. Adkins’s personal liability on a guarantee. B & I also argues that this settlement was a fraudulent conveyance of Mel Re’s property that Mel Re could have used to satisfy its judgment. We emphasize that the Bank of Florida, Mr. Adkins, and the other parties to the written settlement agreement are not parties to this appeal because the trial court denied the motion for proceedings supplementary at its inception. Thus, it is likely that Mr. Adkins and the bank would provide a different explanation of these events. However, for purposes of this appeal, we are required to accept the pleadings at face value.
 

 When the judgment against Mel Re remained unsatisfied, B & I filed a motion for proceedings supplementary to execution combined with a motion to implead parties in February 2010. The motion alleges the circumstances described in the preceding paragraphs. B & I attached several exhibits to the motion, including an affidavit in compliance with section 56.29(1), the final judgment, the settlement agreement, and the fact information sheet created in compliance with Florida Rule of Civil Procedure 1.560(b).
 

 There is no transcript of the hearing on this motion. The trial court’s minutes indicate that attorneys representing the proposed third parties appeared at this hearing and argued that B & I could not implead them because it did not obtain a judgment until after the parties had executed the settlement agreement. The trial court entered a very short order denying the motion for proceedings supplementary. It did not rule on the motion to implead third parties, presumably because its ruling rendered that motion moot.
 

 II. Proceedings Supplementary
 

 Section 56.29 provides for proceedings supplementary. The legislature enacted the statute in 1919, and it has remained largely unchanged throughout the last ninety years.
 
 See
 
 Ch. 7842, Laws of Fla. (1919). Although there are several rules of civil procedure addressing execution of judgments and collection thereon,
 
 see
 
 Fla. R. Civ. P. 1.550-1.570, there are no rules that assist an attorney with the filing of proceedings supplementary. The practitioner must rely on a limited body of cases discussing this statute and several treatises that provide assistance.
 
 See, e.g.,
 
 Bruce J. Berman,
 
 Berman’s Florida Civil Procedure
 
 §§ 550.9-.10, 560.4 (2010-11 ed.2010); Guy P. Coburn,
 
 Creditors’ & Debtors’ Practice in Florida
 
 § 11.6 et seq. (2007); Philip J. Padovano,
 
 Florida Civil Practice
 
 § 13:6 (2011 ed. 2010).
 

 On the face of the statute, a party commences these proceedings not by filing a motion, but by filing an affidavit. In the affidavit, the affiant must attest that he or she holds an unsatisfied judgment obtained under chapter 55, identify the issuing court and case number, state the unsatisfied amount of the judgment, and confirm that the execution is valid and outstanding. By filing such an affidavit, the holder “is entitled to these proceedings supplementary to execution.” § 56.29(1).
 

 Obviously, any lawyer today would be uncomfortable with the idea of obtaining action from a trial court by affidavit, and most judges would not expect to be required to take action based solely on an affidavit. Thus, the relevant treatises discuss commencing the proceeding by motion and provide sample motions.
 
 See, e.g.,
 
 Coburn,
 
 Creditors’ & Debtors’ Practice in Florida
 
 § 11.9. In this case, B & I filed such a motion, attaching the affidavit that “entitled” it to proceedings supplemental.
 

 At least in some circumstances, the existing case law allows a judgment holder to pursue a chose in action in proceedings supplementary even if it is necessary to implead third parties to obtain rights over the chose in action.
 
 See, e.g., Gen. Guar. Ins. Co. of Fla. v. DaCosta,
 
 190 So.2d 211
 
 *1038
 
 (Fla. 3d DCA 1966). On its face, this statute allows the holder to pursue property that the debtor held within one year of the service of process.
 
 See
 
 § 56.29(6)(a). The statute also allows the holder to pursue property that the debtor transferred or conveyed in order to defraud creditors.
 
 [2]
 

 See
 
 § 56.29(6)(b).
 

 We conclude that the trial court erred in denying B & I’s entitlement to proceedings supplementary in light of the facial sufficiency of its pleadings and affidavit. If the trial court has a proper reason to limit these proceedings or to deny im-pleader, that reason is not apparent in this record. Accordingly, we reverse the order on appeal and remand for proceedings supplementary in which the trial court has authority to take any action appropriate under the law.
 

 Reversed and remanded.
 

 SILBERMAN, C.J., and VILLANTI, J., Concur.
 

 [1]
 

 . This court has treated this appeal as an appeal of a nonfinal order entered after final judgment under Florida Rule of Appellate Procedure 9.130(a)(4). As such, we have no official record and are relying on a relatively small appendix. We base our description of the "facts” primarily on the allegations in the motion and the representations of counsel in this matter.
 

 [2]
 

 . We express no opinion on the relationship between the treatment of fraudulent conveyances under this statute and the rights and obligations concerning fraudulent transfers established more recently in the Uniform Fraudulent Transfer Act.
 
 See
 
 §§ 726.101-.201, Fla. Stat. (2009).