GRIFFIN, J.
Okaloosa New Opportunity, LLC [“Oka-loosa”] appeals an order denying its motion for proceedings supplementary that was entered subsequent to the entry of a default final judgment against LD Projects, LLC [“LD Projects”].
Okaloosa claims to be the victim of a fraudulent scheme involving multiple bad actors who caused it to make three money transfers, together totaling $2,850,000.00, ostensibly to fund the purchase of real estate loans from Wells Fargo Bank. In a thirteen-count complaint, Okaloosa filed suit against LD Projects; William J. Kear-ney, an individual; the William J. Kearney Irrevocable Family Trust, dated August 22, 2011, through its trustee William J. Kearney; Dolores Balliett, an individual; and the Camille Holding Family Trust, dated August 26, 2011, through its trustee, Camille Holding. Okaloosa alleged in part:
19. Kearney and Balliett represented to Okaloosa that they established LD *1210 Projects in order to hold Okaloosa’s money for the purpose of funding the purchase of the Wells Fargo Loans.
20. In fact, Kearney and Balliett, furthering their fraudulent actions, established LD Projects for the improper purpose of taking possession of Okaloo-sa’s funds, knowing that the funds would immediately be transferred to, inter alia, Kearney and Balliett, for their own personal use.
21. LD Projects’ improper purpose caused injury to Okaloosa.
22. Kearney and Balliett exercise control over LD Projects to the extent that LD Projects manifests no separate interests of its own and functions solely to achieve purposes of Kearney and Bal-liett.
[[Image here]]
S3. Instead of using the money that Okaloosa transferred to LD Projects for the purpose of funding the purchase of the Wells Fargo Loans, Kearney, Bal-liett and Holding plundered LD Projects’ account for their own personal use.
Subsequently, on or about February 23, 2012, and upon Okaloosa’s motion, the trial court entered default final judgment against LD Projects, determining that LD Projects “ha[d] been defaulted due to its failure to serve a response to either the Complaint or Amended Complaint.” The trial court ordered:
1.Plaintiff, Okaloosa New Opportunity, LLC, is entitled to maintain this action, and this Court has jurisdiction of the subject matter and the parties.
2. The Plaintiffs Okaloosa New Opportunity, LLC, Motion for Default Final Judgment as to Defendant, LD Projects, LLC, be and the same is hereby GRANTED by reason of the default entered against the Defendant, LD Projects, LLC, and, therefore, judgment is hereby entered against the Defendant, LD Projects, LLC, for the relief sought in the Plaintiffs Amended Complaint.
3. Plaintiff, Okaloosa New Opportunity, LLC, is entitled to enforce the July 27 Promissory Note and August 18 Promissory Note sought to be enforced in the Complaint. However, the Plaintiff shall indemnify and hold harmless the Defendant, LD Projects, LLC, from any loss it incurs by reason of a claim by another person to enforce the lost July 27 Promissory Note and August 18 Promissory Note.
4. Defendant, LD Projects, LLC, has defaulted under the July 27 Promissory Note, which is described in the Plaintiffs Amended Complaint. LD Projects failed to pay the Note when due, or any time thereafter.
5. Defendant, LD Projects, LLC, has defaulted under the August 18 Promissory Note, which is described in the Plaintiffs Amended Complaint. LD Projects failed to pay the Note when due, or any time thereafter.
6. There is now due to the Plaintiff, Okaloosa New Opportunity, LLC, from the Defendant, LD Projects, LLC, on the July 27 Promissory Note, the following sums:
A. Principal Due $1,000,000.00
B. Interest thereon from 7/27/11 to 9/27/11 $ 13,333.33
C. Interest thereon from 9/28/11 through the date of this Judgment at the rate of $273.98 per day. $ 40,823.02
TOTAL $1,054,156.35
*1211 7.Therefore, the Plaintiff, Okaloosa New Opportunity, LLC, shall recover from the Defendant, LD Projects, LLC, on the July 27 Promissory Note, the sum of $ 1,054,156.35 which shall bear interest at the rate of 4.75% per year, for all of which let execution issue.
8.There is now due to the Plaintiff, Okaloosa New Opportunity, LLC, from the Defendant, LD Projects, LLC, on the August 18 Promissory Note, the following sums;
A Principal Due $1,500,000.00
B. Interest thereon from 7/27/11 to 9/27/11 $ 15,123.29
C. Interest thereon from 9/28/11 through the date of this Judgment at the rate of $410.96 per day. $ 61,233.04
TOTAL $1,576,356.33
9.Therefore, the Plaintiff, Okaloosa New Opportunity, LLC, shall recover from the Defendant, LD Projects, LLC, on the August 18 Promissory Note, the sum of $ 1,576,356.33, which shall bear interest at the rate of 4.75% per year, for all of which let execution issue.
IT IS FURTHER ORDERED AND ADJUDGED that the judgment debtors) shall complete under oath the attached Florida Rules of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor’s attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within forty-five (45) days from the date of this Final Judgment, unless the Final Judgment is satisfied or post-judgment discovery is stayed.
Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor(s) to complete Form 1.977, including all required attachments, and serve it on the judgment creditor’s attorney, or the judgment creditor if the judgment creditor is not represented by an attorney.
Jurisdiction of this case is further retained by this Court to enter final judgment against the remaining defendants to this lawsuit on Counts I, II, III, IV, V, VI, VII, X, and XI of the Amended Complaint.
On or about June 5, 2012, Okaloosa filed a motion for proceedings supplementary to execution, to establish equitable liens and foreclose liens, and to appoint a special magistrate. Okaloosa alleged in part:
1. On February 23, 2012, OKALOOSA obtained a judgment in the amount of $2,630,512.68 which named Defendant, LD PROJECTS, LLC, a Florida Limited Liability Company, (hereinafter “LD PROJECTS”), as the judgment debtor (hereinafter the “Judgment”). A copy of the Creditor’s Affidavit filed in this action, which attaches a copy of the Judgment, is attached hereto as Exhibit “A”.
2. There is presently due and owing upon the Judgment the sum of $2,630,-512,68, plus post-judgment interest as of the date of the judgment at the rate of 4.75% per annum.
3. In order to conceal LD PROJECTS’ assets from OKALOOSA, LD PROJECTS fraudulently transferred its assets in violation of Chapter 726 and § 56.29(6)(a) & (b), Florida Statutes, to Defendants, WILLIAM J. KEARNEY (“Kearney”), THE WILLIAM J. KEARNEY IRREVOCABLE FAMILY TRUST DATED AUGUST 22, 2011 (the “Kearney Trust”) and THE CAMILLE *1212 FAMILY HOLDING TRUST DATED AUGUST 26, 2011 (the “Holding Trust”), to wit:
i. On August 5, 2011, the Kearney Trust purchased home furniture and a boat for $100,000.00 using funds Okaloo-sa transferred to LD Projects. See copy of Bill of Sale attached hereto as Exhibit “B”;
ii. On August 22, 2011, the Kearney Trust purchased a personal residence at 516 Navy Cove Blvd. in Gulf Breeze, Florida (hereinafter “Navy Cove Residence”), for the price of $1,313,306.29 using funds Okaloosa transferred to LD Projects. See copy of Warranty Deed attached hereto as Exhibit “C”;
iii. On August 26, 2011, the Holding Trust purchased a personal residence at 114 Gilmore Drive in Gulf Breeze, Florida (hereinafter “Gilmore Residence”) for $148,545.87 using funds Okaloosa transferred to LD Projects. See copy of Warranty Deed attached hereto as Exhibit “D”;
iv. On September 27, 2011, Kearney received a $40,000.00 cash disbursement from funds Okaloosa transferred to LD Projects. See Authorization attached hereto as Exhibit “E”; and
v. On October 6, 2011, Kearney received a $40,000.00 cash disbursement from funds Okaloosa transferred to LD Projects. See Authorization attached hereto as Exhibit “F.”
4. OKALOOSA hired Broad and Cas-sel to pursue this action and is obligated to pay the firm a reasonable fee for its services. OKALOOSA requests that this court award it the attorneys’ fees and costs incurred in this action pursuant to § 56.29(11), Florida Statutes and § 57.115(1), Florida Statutes.
WHEREFORE, OKALOOSA respectfully requests that this Court:
a. Order that Defendants, LD PROJECTS, LLC, THE WILLIAM J. KEARNEY IRREVOCABLE FAMILY TRUST DATED AUGUST 22, 2011 and THE CAMILLE FAMILY HOLDING TRUST DATED AUGUST 26, 2011 appear and be examined, in the presence of a Special Magistrate, concerning the following transfers of property:
i. On August 5, 2011, the Kearney Trust purchased home furniture and a boat for $100,000.00 using funds intended by Okaloosa for the purchase of the Wells Fargo Loans; See copy of Bill of Sale attached hereto as Exhibit “B”;
ii. On August 22, 2011, a few days after receiving Okaloosa’s last wire transfer, the Kearney Trust purchased a personal residence at 516 Navy Cove Blvd. in Gulf Breeze, Florida (hereinafter “Navy Cove Residence”), for the price of $1,313,306.29 using funds Okaloosa transferred to the Matthews Trust Account. See copy of Warranty Deed attached hereto as Exhibit “C”;
iii. On August 26, 2011, the Holding Trust purchased a personal residence at 114 Gilmore Drive in Gulf Breeze, Florida (hereinafter “Gilmore Residence”) for $148,545.87 using funds Okaloosa transferred to the Matthews Trust Account on behalf of LD Projects. See copy of Warranty Deed attached hereto as Exhibit “D”;
iv. On September 27, 2011, Kearney received a $40,000.00 cash disbursement from the funds Okaloosa transferred to the Matthews Trust Account on behalf of LD Projects; See Authorization attached hereto as Exhibit “E”; and
v. On October 6, 2011, Kearney received a $40,000.00 cash disbursement from the funds Okaloosa transferred to the Matthews Trust Account on behalf of LD Projects. See Authorization attached hereto as Exhibit “F”.
*1213 b. Appoint a Special Magistrate to make findings of fact and conclusions of law about the disposition of the above-referenced assets, as well as any other assets belonging to LD PROJECTS or shown to have been fraudulently transferred from LD PROJECTS to WILLIAM J. KEARNEY, THE WILLIAM J. KEARNEY IRREVOCABLE FAMILY TRUST DATED AUGUST 22, 2011 or THE CAMILLE FAMILY HOLDING TRUST DATED AUGUST 26, 2011, and report such findings of fact and conclusions of law back to the Court;
c. Order that any property thereon shown to be belonging to LD PROJECTS, LLC or shown to have been fraudulently transferred from LD PROJECTS to WILLIAM J. KEARNEY, THE WILLIAM J. KEARNEY IRREVOCABLE FAMILY TRUST DATED AUGUST 22, 2011 or THE CAMILLE FAMILY HOLDING TRUST DATED AUGUST 26, 2011 be applied to the satisfaction of the judgment debt, including the imposition and foreclosure of an equitable lien on real property; and
d. Award OKALOOSA costs and attorneys’ fees for these proceedings under § 56.29(11), Florida Statutes and § 57.115(1), Florida Statutes. '
A supporting affidavit was also filed.
After a hearing, the trial court entered an order denying Okaloosa’s motion for proceedings supplementary. The record on appeal does not contain a transcript of the hearing held on Okaloosa’s motion for proceedings supplementary, and the order denying Okaloosa’s motion for proceedings supplementary does not contain findings.
Section 56.29, Florida Statutes, governs “Proceedings supplementary.” Relying upon Regent Bank v. Woodcox, 636 So.2d 885, 886 (Fla. 4th DCA 1994), Biloxi Casino Corp. v. Wolf, 900 So.2d 734, 734 (Fla. 4th DCA 2005), and B & I Contractors, Inc. v. Mel Re Constr. Mgt., 66 So.3d 1035, 1038 (Fla. 2d DCA 2011), Okaloosa asserts that the statute creates an absolute entitlement. In Regent Bank, the Fourth District Court of Appeal addressed the process of impleading a third party under section 56.29, Florida Statutes: “The predicate for impleading a third party under section 56.29 is that the judgment creditor file an affidavit showing that the sheriff holds an unsatisfied writ of execution on a money judgment and that the unsatisfied execution is valid and outstanding.” 636 So.2d at 886. The court said: “The judgment creditor here filed such an affidavit. No other showing is necessary in order to implead the third party.” Id. “[B]ecause the judgment creditor made the required statutory showing, the trial court had no discretion to deny the application.” Id.
Subsequently, in Biloxi, the Fourth District said that an appellant was “entitled to proceedings supplementary pursuant to section 56.29, Florida Statutes,” where the “[a]ppellant ha[d] a valid outstanding judgment lien” and “filed an affidavit stating that the judgment remain[ed] unsatisfied.” 900 So.2d at 734. It explained: “Upon a showing of the statutory prerequisites, the court has no discretion to deny the motion.” Id.
More recently, in B & I, a case in which the trial court had denied the appellant’s motion for proceedings supplementary “after the initial, nonevidentiary hearing addressing [the] postjudgment proceeding,” “[t]he order [did] not explain the basis for the denial,” and “[t]here [was] no transcript of the hearing on [the] motion.” 66 So.3d at 1036-37. The Second District Court of Appeal “conclude[d] that the trial court erred in denying [appellant’s] entitlement to proceedings supplementary in light of the facial sufficiency of its pleadings and affidavit.” Id. at 1038. In reach *1214 ing its conclusion, the Second District explained:
Section 56.29 provides for proceedings supplementary. The legislature enacted the statute in 1919, and it has remained largely unchanged throughout the last ninety years. See Ch. 7842, Laws of Fla. (1919). Although there are several rules of civil procedure addressing execution of judgments and collection thereon, see Fla. R. Civ. P. 1.550-1.570, there are no rules that assist an attorney with the filing of proceedings supplementary. The practitioner must rely on a limited body of cases discussing this statute and several treatises that provide assistance. See, e.g., Bruce J. Berman, Berman’s Florida Civil Procedure §§ 550.9-.10, 560.4 (2010-11 ed. 2010); Guy P. Coburn, Creditors’ & Debtors’ Practice in Florida § 11.6 et seq. (2007); Philip J. Padovano, Florida Civil Practice § 13:6 (2011 ed. 2010).
On the face of the statute, a party commences these proceedings not by filing a motion, but by filing an affidavit. In the affidavit, the affiant must attest that he or she holds an unsatisfied judgment obtained under chapter 55, identify the issuing court and case number, state the unsatisfied amount of the judgment, and confirm that the execution is valid and outstanding. By filing such an affidavit, the holder “is entitled to these proceedings supplementary to execution.” § 56.29(1).
Obviously, any lawyer today would be uncomfortable with the idea of obtaining action from a trial court by affidavit, and most judges would not expect to be required to take action based solely on an affidavit. Thus, the relevant treatises discuss commencing the proceeding by motion and provide sample motions. See, e.g., Coburn, Creditors’ & Debtors’ Practice in Florida § 11.9. In this case, B & I filed such a motion, attaching the affidavit that “entitled” it to proceedings supplemental.
At least in some circumstances, the existing case law allows a judgment holder to pursue a chose in action in proceedings supplementary even if it is necessary to implead third parties to obtain rights over the chose in action. See, e.g., Gen. Guar. Ins. Co. of Fla. v. DaCosta, 190 So.2d 211 (Fla. 3d DCA 1966). On its face, this statute allows the holder to pursue property that the debtor held within one year of the service of process. See § 56.29(6)(a). The statute also allows the holder to pursue property that the debtor transferred or conveyed in order to defraud creditors. See § 56.29(6)(b).
Id. at 1037-38 (Footnote omitted). Here, Okaloosa filed a motion, with an attached affidavit, sufficient to entitle it to proceedings supplementary. Accordingly, we reverse the order of denial.
REVERSED and REMANDED.
TORPY and JACOBUS, JJ., concur.