LOGUE, J.
Abelardo Estrada appeals an order denying his motion to commence proceedings supplementary. Because Estrada’s motion was sufficient to entitle him to the proceedings, we reverse the order on appeal.
In this case, Estrada obtained a final summary judgment in the amount of $44,298.31 against Sorrento Townhomes, LLC, a/k/a Sorrento Corporation, and Spear Sorrento Corporation (collectively, “the corporate defendants”). Later, he filed a motion to commence proceedings supplementary and to implead the owners of the corporate defendants who, he al *676 leged, made distributions to themselves from the corporate assets in order to hinder execution of the judgment. Estrada alleged he was the holder of the summary final judgment, and that the judgment was valid, outstanding, and unsatisfied. A copy of the judgment, which identified the originating court, case number, and amount of the judgment, was attached to the motion. The motion was supported by an affidavit, deposition excerpts, and records of the corporate defendants reflecting the date, amounts, and recipients of transfers.
Under Florida law, a party is entitled to proceedings supplementary if the party: (1) establishes that the party is the holder of an unsatisfied judgment; (2) identifies the issuing court and case number; (3) states the unsatisfied amount of the judgment; and (4) confirms that execution is valid and outstanding. § 56.29(1), Fla. Stat. (2012); see also B & I Contractors, Inc. v. Mel Re Constr. Mgmt., 66 So.3d 1035,1037 (Fla. 2d DCA 2011); Okaloosa New Opportunity, LLC v. LD Projects, LLC, 109 So.3d 1209 (Fla. 5th DCA 2013). Here, the affidavit and attachments to the motion satisfied all of the prerequisites for commencement of the proceedings supplementary. We reject the argument of the corporate defendants that the court must appoint a magistrate to conduct, in the county of residence of the parties to be impleaded, a preliminary evidentiary hearing on the merits of the movant’s claim before it authorizes the commencement of the proceedings supplementary. Such a procedure is as unworkable as it is unsupported by law. Accordingly, we reverse and remand for further proceedings consistent with this opinion.