Judy L. FORSTER, Patrick Lacy,
Bruce Hirschfeld, Plaintiffs–
Appellants,

v.

NATIONS FUNDING SOURCE, INC., a
Florida dissolved corporation, Nations
Group USA, Inc., a Florida corpora-
tion and successor to Nations Fund-
ing Source, Inc., Sookrani Narain, De-
fendants–Appellees.

No. 15–14316
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 19, 2016.

Justin C. Carlin, Golden Carlin, Fort
Lauderdale, FL, for Plaintiffs–Appellants.

Charles Eiss, Lindsay Marie Massillon,
Law Offices of Charles Eiss, PL, Planta-
tion, FL, for Defendants–Appellees.

Before HULL, MARCUS and
WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Judy L. Forster, Patrick Lacy, and
Bruce Hirschfeld appeal the denial of their
motion to initiate a supplementary pro-
ceeding against their former employer,
Nations Funding Source, Inc., its succes-
sor entity, Nations Group USA, Inc. (col-
lectively "Nations Group"), and its owner,
Sookrani Narain. *See* Fed.R.Civ.P. 69;
Fla. Stat. § 56.29. Forster, Lacy, and
Hirschfeld obtained a default judgment
against Nations Group and Narain for

wrongful termination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, but the district court dismissed the complaint against Narain without prejudice because the former employees failed to comply with a post-judgment filing deadline. Later, Narain refused to comply with discovery and allegedly depleted his companies' bank accounts. The former employees moved for proceedings supplementary and for impleader of Narain to collect the unsatisfied judgment and to hold Narain liable based on the corporate alter ego doctrine, but the district court denied the motion as an endeavor to "circumvent the sanction" against the former employees. Because the former employees are entitled to proceedings supplementary, we vacate the order denying the motion and remand for the district court to commence a supplementary proceeding and implead Narain so the former employees can execute the unsatisfied judgment against Nations Group and for the district court to determine whether it has subject matter jurisdiction to entertain the complaint against Narain.

We review *de novo* questions of law, including issues involving subject-matter jurisdiction. *Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 786 (11th Cir.2015).

Under Florida law, a party "is entitled to ... proceedings supplementary to execution" if he "file[s] a motion and an affidavit" that (1) states he holds an unsatisfied judgment or judgment lien; (2) identifies the issuing court and case number; (3) states the unsatisfied amount of the judgment; and (4) confirms that execution is valid and outstanding. Fla. Stat. § 56.29(1). The trial court has authority "to order any property of the judgment debtor, not exempt from execution, in the hands of any person, ... to be applied toward the satisfaction of the judgment debt." *Id.* § 56.29(5). The trial court can "enter any order or judgment, including a money judgment against any ⁝ ... transferee," *id.*, or "any impleaded defendant irrespective of whether [he] has retained the property," *id.* § 56.29(9). If the party satisfies the statutory requirements and alleges that the judgment debtor has transferred property "to delay, hinder, or defraud creditors," *id.* § 56.29(6)(b), "[n]o other showing is necessary in order to implead the third party," *NTS Fort Lauderdale Office Joint Venture v. Serchay*, 710 So.2d 1027, 1028 (Fla.Dist.Ct. App.1998) (quoting *Regent Bank v. Woodcox*, 636 So.2d 885, 886 (Fla.Dist.Ct. App.1994)).

The district court erred by denying the former employees' motion to initiate proceedings supplementary and to implead Narain. The former employees were entitled to prosecute the supplementary proceeding after filing their motion and supporting affidavits alleging that they had an unsatisfied judgment against Nations Group; they had been thwarted in obtaining post-judgment discovery because Narain refused to complete fact information sheets, *see* Fla. R. Civ. P. Form 1.977, or to appear at a deposition *duces tecum;* and Narain had depleted the companies' two bank accounts to prevent execution of the judgment. *See* Fla. Stat. § 56.29(5), (6)(b), (9). The motion did not operate to "circumvent the sanction" against the former employees because they did not seek to relitigate whether Narain violated the Age Discrimination Act. The former employees sought, as they are permitted to do in proceedings supplementary, "to ferret out what assets [Nations Group] may have or what property ... others may be holding for [it], or may have received from [it] to defeat the collection of the lien or claim, that might be subject to the execution." *Young v. McKenzie*, 46 So.2d 184,

185 (Fla.1950). Because the district court had ancillary jurisdiction to entertain the proceedings supplementary, *see Nat'l Mar. Servs.*, 776 F.3d at 786–88, and the former employees "made the required statutory showing [under section 56.29], the [district] court had no discretion to deny" the motion, *see Serchay,* 710 So.2d at 1028. We vacate the order that denied the former employees' motion and remand for the district court to commence the supplementary proceedings, to implead Narain, and to determine whether Nations Group transferred funds to Narain that he must disgorge to satisfy the judgment in favor of the former employees.

The district court also must determine whether it has subject matter jurisdiction to entertain the former employees' complaint that Narain is individually liable for using Nations Group as an alter ego. Under Florida law, the owner of a corporation may be held liable for its actions if the plaintiff proves (1) the owner dominated and controlled the corporation to such an extent that the owner was an alter ego of the corporation; (2) the corporate form was used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form injured the plaintiff. *Molinos Valle Del Cibao v. Lama–Seliman,* 633 F.3d 1330, 1349 (11th Cir.2011). For the district court to exercise its ancillary jurisdiction, the former employees must prove that their complaint is intended "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable [the district] court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Peacock v. Thomas,* 516 U.S. 349, 354, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) (quoting *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 379–80, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)); *see Eagerton v. Valuations, Inc.,* 698 F.2d 1115, 1119 & n. 9 (11th Cir.1983). The district court must determine whether the complaint against Narain is a permissible "attempt[ ] to execute, or to guarantee eventual executability of, a federal judgment," or an impermissible endeavor "to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Peacock,* 516 U.S. at 357, 116 S.Ct. 862. Even if the complaint falls within the latter category, the former employees may sue Narain if they can prove the district court has original jurisdiction over the action. The burden rests with the former employees to establish that there is complete diversity among the parties and that the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir.2005).

We **VACATE** the order denying the former employees' motion. We **REMAND** for the district court to commence supplementary proceedings and to implead Narain in executing the unsatisfied judgment against Nations Group and for the district court to determine if it has jurisdiction to entertain the former employees' complaint that Narain is liable under the alter ego doctrine.

**VACATED AND REMANDED.**