[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13530
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cv-61073-DPG

JUDY L. FORSTER,
PATRICK LACY,
BRUCE HIRSCHFELD,

Plaintiffs-Appellees,

versus

SOOKRANI NARAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 3, 2021)

Before WILLIAM PRYOR, Chief Judge, WILSON and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Sookrani Narain appeals the denial of her motion to vacate a final default judgment in a proceeding supplementary commenced by Judy Forester, Patrick Lacy, and Bruce Hirschfeld, who were former employees of Narain's defunct investment company. The district court entered a final judgment against Narain after she failed to answer the employees' amended complaint to pierce the corporate veil and require her to satisfy a default judgment previously entered against her company for wrongful termination. Narain argues to vacate the final judgment based on "excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). We affirm.

Forster, Lacy, and Hirschfeld obtained a default judgment of $204,464.15 against Narain's company for violating the Age Discrimination in Employment Act. *Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 850–51 (11th Cir. 2016). The district court dismissed a related complaint against Narain without prejudice because the three employees failed to comply with a filing deadline. *Id.* at 851. When the employees were unable to collect the judgment against Narain's company, they filed motions to commence proceedings supplementary and to implead Narain to collect the unsatisfied judgment based on the corporate alter ego doctrine, but the district court denied the motions on the ground the employees sought to "circumvent the sanction" against them. *Id.* On appeal, we concluded that

the employees were entitled to proceedings supplementary, vacated the order that denied their motion, and remanded for further proceedings. *Id.* at 851–52.

On remand, the three employees filed an amended complaint for proceedings supplementary that was served, along with an order of the district court setting January 12, 2017, as the deadline to file an answer, on Narain at her residence in Lauderdale by the Sea, Florida. In the amended complaint, the employees alleged that bank records proved that Narain drained her company's accounts of more than $200,000 while the employment action was pending and that Narain admitted under oath to intentionally destroying corporate records.

In April 2017, on the employees' motion, the district court ordered Narain to show cause why judgment should not be entered against her. On May 16, 2017, Narain mailed a letter to the district court on which she listed her Lauderdale by the Sea residence as the return address on the envelope. In her letter, Narain challenged the default judgment against her company, argued that her company did not have "$203,001.69 when [it] closed" or when the judgment was entered, and denied "tak[ing] the funds from the company" or "hav[ing] an account . . . [where she] was wrongfully accused of fraudulent transfer of funds." She stated she received the amended complaint and the order to file an answer, but she "did not know that [she] needed to respond" and had yet to file an answer because "there was no time frame on the document to respond."

3

The district court treated Narain's letter as a motion for an extension of time. On March 29, 2018, the district court ordered Narain to file an answer to the amended complaint "[b]y Noon on Friday, April 20, 2018," with the warning that noncompliance would result in it "entertain[ing] a renewed Motion for Default Final Judgment from Plaintiffs." The order was mailed to Narain at her Lauderdale by the Sea address. Narain failed to file an answer.

On July 9, 2018, the employees moved for a final default judgment. The employees attached to their motion copies of bank records showing that Narain systematically withdrew all the funds in two corporate accounts. After the copy of the motion mailed to Narain's address was returned by the postal service marked as undeliverable, the employees notified the district court of the service issue.

In September 2018, Narain sold her building in Lauderdale by the Sea and moved to Central Florida. Narain did not notify the district court of her change of address.

On March 25, 2019, the district court *sua sponte* entered a final default judgment against Narain in the proceeding supplementary. The district court ruled that the three employees could avoid Narain's transfer of "funds from two separate [company] bank accounts" because "the[] transfers were insider transfers, undertaken with the intent to delay and defraud [them], as judgment creditors with respect to [Narain's company] . . . [as the] Judgment Debtor," the "transactions

4

were concealed from [them] during their discovery in aid of execution, and the transfers consisted of assets that were substantially belonging to Judgment Debtor." The district court also ruled that the employees could pierce the corporate veil and apply Narain's assets to satisfy the default judgment against her company because it "was a mere instrumentality or alter ego of [Narain] . . . [that she] improperly used . . . [and because] an unfavorable spoliation inference should apply based on [her] intentional destruction of [company] records."

On December 24, 2019, Narain moved to vacate the default judgment. She argued that she was unaware of the March 2018 order, she had meritorious defenses to the employees' argument to pierce the corporate veil, and her failure to file an answer was due to excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). Narain submitted a declaration that she had "recently learned" of the March 2018 order and that it "either never made it to [her] Lauderdale-by-the-Sea address or was inadvertently lost while [she] and [her] family were dealing with [her] mother's [diagnosis and treatment for diverticulitis] and [her] constant commutes to Orlando" to assist her mother. She also declared that, "[d]espite [her] constant commutes," she "was still receiving all mail at [her] Lauderdale by the Sea address" and her "husband was in the office of the building and forwarded all important mail" until they sold the building in September 2018.

5

On recommendation of a magistrate judge, the district court denied Narain's motion to vacate. The district court ruled that the "facts and circumstances" of the litigation "negate[d] a finding of excusable neglect." The district court found that Narain identified no good cause to excuse her failure to file an answer when she "acknowledged receiving" the order to respond "nearly 3.5 years" earlier and then received an extension of time "over a year after her answer was due." The district court found that Narain "speculate[d], without supporting evidence, that [the March 2018 order] may not have been delivered" "[y]et . . . [also] acknowledge[d] that it may have been received and misplaced thereafter." In any event, the district court determined that Narain "compounded the problem by ignoring the case for more than 2.5 years (from when she sent in her letter)" and regarded her "failure to even check on the status of th[e] case for such a long period . . . [as] exhibit[ing] a reckless disregard for the[] judicial proceedings." The district court also found that Narain "fail[ed] to establish the existence of any meritorious defenses" by denying liability on behalf of her company, "general[ly] . . . denying that she made any fraudulent conveyances," disclaiming ownership of and the existence of the corporate bank accounts, and admitting that her company was insolvent. And the district court found that vacating the default judgment would prejudice the employees because, in addition to already enduring "spoliation of evidence," they would have difficulty "discover[ing] relevant witnesses and records" due to the

6

passage of time and would lose the benefit of the proceeding supplementary to promptly satisfy the outstanding judgment.

We review the denial of a motion to vacate a final judgment for abuse of discretion. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1264 (11th Cir. 2009)). We will not disturb the denial of motion to vacate unless there exists "a justification so compelling that the [district] court was required to vacate its order." *In re Worldwide Web*, 328 F.3d at 1295 (quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986)).

A district court "may relieve a party . . . from a final judgment, order, or proceeding . . . for excusable neglect." Fed. R. Civ. P. 60(b)(1). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). A party may obtain relief based on excusable neglect if "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not

7

result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *In re Worldwide Web*, 328 F.3d at 1295.

The district court did not abuse its discretion by refusing to vacate the final default judgment. Narain failed to provide a good reason for failing to participate in an action for proceedings supplementary that lasted more than three years. *See Eurisol*, 488 F.3d at 934. She ignored the order of the district court to file an answer by January 2017, and she squandered the opportunity to file a response for more than a year after the deadline expired.

"The longer a defendant . . . delays in responding to a complaint, the more compelling the reason [she] must provide for [her] inaction . . . to set aside a default judgment." *Id.* at 935. And the district court reasonably determined, in its words, that "[t]he reasons Narain provide[d] for her inaction [were] far from compelling." Narain declared that she did not receive the order instructing her to file an answer by April 2018, but service of other filings had been effected for years at the same address where the order was sent. Likewise, Narain's alternative explanation that she misplaced the order was insufficient to justify her inactivity.

Narain also failed to act diligently in her defense. *See id.* at 935–36; *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993). Despite knowing that the action for proceedings supplementary was pending, Narain failed to monitor the status of the case. Narain never notified the district court of her change

in address in September 2018. Although Narain contends that she thought the action had ended, as the district court stated, the belief that her "case disappeared" after she sent her letter "is simply not reasonable or excusable."

We **AFFIRM** the denial of Narain's motion to vacate the final default judgment.